No. 99,500

In the Matter of SUSAN L. HARRIS, *Respondent.*

(182 P.3d 1249)

Opinion filed May 16, 2008.

*Janith A. Davis,* deputy disciplinary administrator, argued the cause, and *Stanton A. Hazlett,* disciplinary administrator, was with her on the formal complaint for petitioner.

No appearance by respondent.

*Per Curiam:* This is an original uncontested proceeding in discipline filed by the office of the Disciplinary Administrator against the respondent, Susan L. Harris, of Kansas City, Missouri, an attorney admitted to the practice of law in Missouri in 1995 and in Kansas in 1996. Respondent's license to practice law in the state of Kansas has been suspended since October 6, 2003, for failure to pay the annual attorney registration fee, failure to fulfill the minimum continuing legal education requirements, failure to pay the annual continuing legal education fee, and failure to pay the noncompliance continuing legal education fee.

On June 10, 2005, respondent was disbarred by order of the Missouri Supreme Court. Multiple very serious complaints had been filed by clients against the respondent. The disbarment order was the result of the respondent's failure to file an answer to the resulting formal information charging her with violations of the Missouri Supreme Court Rules relating to attorney discipline.

On April 11, 2007, the office of the Disciplinary Administrator filed a formal complaint against respondent alleging that the respondent violated Rule 8.4 of the Kansas Rules of Professional Conduct (KRPC) (misconduct) (2007 Kan. Ct. R. Annot. 559). The complaint arose from the Missouri disciplinary proceedings. A hearing was held on the complaint before a panel of the Kansas Board for Discipline of Attorneys on May 31, 2007. The respondent did not appear.

Applying Kansas Supreme Court Rule 202 concerning reciprocal discipline (2007 Kan. Ct. R. Annot. 257), and based on the documents filed in the Missouri disciplinary proceeding, the hearing panel concluded that the respondent violated KRPC 1.3 (diligence) (2007 Kan. Ct. R. Annot. 398); KRPC 1.4 (communication) (2007 Kan. Ct. R. Annot. 413); KRPC 1.16(d) (declining or terminating representation) (2007 Kan. Ct. R. Annot. 487); KRPC 5.5(a) (unauthorized practice of law) (2007 Kan. Ct. R. Annot. 539); KRPC 8.1(b) (disciplinary matters) (2007 Kan. Ct. R. Annot. 553); and Supreme Court Rule 207(b) (duty to cooperate) (2007 Kan. Ct. R. Annot. 288).

The panel unanimously recommended that the respondent be disbarred from the practice of law in the state of Kansas. The respondent did not file exceptions to the final hearing report.

## THE MISSOURI DISCIPLINARY ACTION

Our Supreme Court Rule 202 provides in pertinent part:

"A final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this state." 2007 Kan. Ct. R. Annot. 258.

Before proceeding further, certain aspects of the particular process resulting in respondent's Missouri disbarment need to be set forth and discussed in conjunction with Rule 202.

The Missouri rules relative to discipline of attorneys are set forth in Missouri Supreme Court Rule 5. Highly summarized as pertinent here, the rules provide for a basic procedure similar to our Kansas procedure. When a complaint is filed, there is an investigation which may result in a formal information being filed against the respondent. See Missouri Supreme Court Rules 5.08, 5.09. The rules require the respondent to file a response to the information. See Missouri Supreme Court Rule 5.13. After a response is filed, a hearing will then be held before a disciplinary hearing panel. At the hearing, evidence is presented and the panel prepares a final hearing report as to the underlying facts, professional misconduct established, and recommended discipline. See Missouri Supreme Court Rules 5.14, 5.15, 5.16. This report is forwarded to the Su-

preme Court for ultimate resolution. See Missouri Supreme Court Rule 5.19.

In the case before us, an alternative procedural process was followed. Missouri Supreme Court Rule 5.13 provides:

"The information shall be accompanied by a notice that the respondent is to file an answer or other response with the chair of the advisory committee, and serve a copy on the counsel of record for the informant and the chief disciplinary counsel, within 30 days after the service of the information on the respondent. If an answer or other response is not timely filed, the information shall be filed in this Court as an information with notice of the default.

"The failure to file an answer or other response to the information timely shall be deemed as consent by the respondent for this Court to enter an order disbarring respondent without further hearing or proceeding."

Respondent did not file a timely answer or response. A notice of default under the rule was filed with the court. As the direct result of the filing of the notice of default and a copy of the information, the Missouri Supreme Court entered the following order on June 10, 2005:

### "ORDER

"The Chief Disciplinary Counsel having filed an Information advising this Court of its findings, after investigation, that there is probable cause to believe Respondent, Susan L. Harris, is guilty of professional misconduct and having filed with said Information, pursuant to Rule 5.13, a Notice of Default, notifying the Court that Respondent, Susan L. Harris, failed to timely file an answer within the time required although Respondent was served pursuant to the provisions of Rule 5.18 and Rule 5.11 and, therefore, pursuant to Rule 5.13, Respondent is in default; and

"It appearing Respondent is guilty of professional misconduct and should be disciplined;

"Now, therefore, it is ordered by the Court that the said Susan L. Harris, be, and she is hereby disbarred, that her right and license to practice law in the State of Missouri is canceled and that her name be stricken from the roll of attorneys in this State.

"It is further ordered that the said Susan L. Harris, comply in all respects with 5.27 — Notification of Clients and counsel.

"Costs taxed to Respondent."

## DISCUSSION

As the Deputy Disciplinary Administrator noted to the Kansas hearing panel assigned hereto, the Missouri default procedure and

resultant order presented some procedural problems for her office. The Missouri order only finds "probable cause to believe" the underlying misconduct occurred. The disbarment was based on the "probable cause" statement and failure to file a timely answer. The failure to file an answer kicked in Rule 5.13, wherein respondent was, by such inaction, deemed to have consented to disbarment.

After the Missouri order of disbarment was forwarded to the office of the Kansas Disciplinary Administrator, Stanton A. Hazlett contacted the respondent in October 2005. On November 4, 2005, she responded as follows:

"Dear Mr. Hazlett:

"I thank you for your time in speaking on the phone with me yesterday. As we discussed, I am sending you a copy of the response I sent to the (Missouri Supreme Court) on June 6, 2005. I received your letter on October 28, 2005, though it is dated the 5th of October.

"The response I sent to the Missouri Supreme Court arrived on the 7th of June and a default disbarment was issued on June 10th. I called the Supreme Court on the 6th to say the response had been mailed. One of my errors, unfortunately, was that I mailed it to the Disciplinary Representative in Kansas City and not directly to the Supreme Court. I don't know if this made a difference or not.

"The reasons for my non-response are explained as a part of this document, which apparently was not read as it was judged to be untimely received.

"I will be filing a **Motion to Set Aside the Default Judgment** very soon; I will forward a copy of **Motion** to your office.

"As I said on the phone, I have no intent to practice law and indeed have not done so since June of 2003. I am currently unemployed, seeking employment as a teacher which I was for twenty some odd years both prior and during the operation of my legal practice. My intent regarding my law licenses was/is to pay whatever fees (when I am employed), attend whatever CLE's, etc., in order to maintain inactive status.

"Thank you for your time. My only phone number is listed below. I will not be moving again as I own this house and need to help my daughter with my grandchild."

The letter was accompanied by what she referred to in her letter as her response to the Missouri complaints. Nothing further occurred until April 11, 2007, when the formal Kansas complaint was filed. The long delay between November 2005, and April 2007, was apparently the result of Mr. Hazlett taking respondent at her word that she would be filing a motion to set aside the default judgment. He, therefore, gave the respondent the opportunity to

set aside the default disbarment. Obviously, if respondent were to be successful, the ultimate result in the Missouri proceeding could be different. If the Missouri complaint were to be ultimately dismissed, there would be no basis for any Kansas proceeding. However, the respondent took no such action. As stated in the Kansas formal complaint:

"8. Despite the statement, in Respondent's response letter, that she was going to file a motion with the Missouri Supreme Court seeking to set aside the default disbarment, Respondent has never filed such a motion and has taken no further action regarding the disbarment.

"9. The Respondent by this conduct violated Rule 8.4[d] of the Kansas Rules of Professional Conduct."

Respondent filed no response to the formal complaint, did not appear before the panel's hearing thereon, and did not appear before this court on our scheduled hearing herein. The record reflects all requirements of notification were satisfied. Failure to file a response and failure to appear before this court are in themselves violations of our rules (Supreme Court Rule 211[b] [2007 Kan. Ct. R. Annot. 304]) and Supreme Court Rule 212[d] [2007 Kan. Ct. R. Annot. 317].)

## CONCLUSION

After careful consideration, we conclude the final hearing report's findings of fact and conclusions of law relative to the underlying Missouri claims of misconduct and their Kansas counterparts were inappropriate as such misconduct was not charged in the Kansas formal complaint nor did the Missouri Supreme Court determine that such misconduct occurred. However, it has been established by clear and convincing evidence that respondent was disbarred in Missouri for misconduct in failing to file a timely response to the Missouri information and that, by Missouri Supreme Court Rule 5.13, the effect thereof is consent to disbarment by the Missouri Supreme Court. Accordingly, that order of disbarment is valid and satisfied the grounds for reciprocal discipline set forth in Supreme Court Rule 202, which provides that a final adjudication in another jurisdiction that a lawyer has been guilty of misconduct

shall conclusively establish the misconduct for purposes of a disciplinary proceeding in Kansas.

Respondent's representation that she would seek to set aside the Missouri default disbarment was untrue, although she has been given ample time to seek such relief. Such misrepresentation is a violation of Supreme Court Rule 8.4(d) (2007 Kan. Ct. R. Annot. 559) as charged in the formal complaint. As previously noted, failure to file a response to the Kansas formal complaint and to appear before this court constitute additional misconduct. We further conclude the appropriate discipline to be imposed is indefinite suspension with the special condition that no application for reinstatement will be considered unless accompanied by proof that respondent has been reinstated to the practice of law in Missouri.

IT IS THEREFORE ORDERED that Susan L. Harris be indefinitely suspended from the practice of law in the state of Kansas, effective the date of this opinion, in accordance with Supreme Court Rule 203(a)(2) (2007 Kan. Ct. R. Annot. 261).

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to the respondent and that this opinion be published in the official Kansas Reports.