No. 99,499

In the Matter of FRANK P. TARANTINO, *Respondent.*

(182 P.3d 1241)

Opinion filed May 16, 2008.

*Janith A. Davis*, deputy disciplinary administrator, argued the cause, and *Stanton A. Hazlett*, disciplinary administrator, was with her on the formal complaint for petitioner.

No appearance by respondent.

*Per Curiam*: This is an original uncontested proceeding in discipline filed by the office of the Disciplinary Administrator against the respondent, Frank P. Tarantino, of Kansas City, Missouri, an attorney admitted to the practice of law in Missouri in 2000 and in Kansas in 2001. Respondent's license to practice law in the state of Kansas has been suspended since October 6, 2003, for failure to pay the annual attorney registration fee and failure to pay the annual continuing legal education fee.

On June 29, 2004, respondent was disbarred by order of the Missouri Supreme Court. A complaint had been filed by a client against the respondent. The disbarment order was the result of the respondent's failure to file an answer to the resulting formal information charging him with violation of the Missouri Supreme Court Rules relating to attorney discipline.

On April 11, 2007, the office of the Disciplinary Administrator filed a formal complaint against respondent alleging that the respondent violated Rule 8.4(d) of the Kansas Rules of Professional Conduct (KRPC) (misconduct) (2007 Kan. Ct. R. Annot. 559). The complaint arose from the Missouri disciplinary proceedings. A hearing was held on the complaint before a panel of the Kansas Board for Discipline of Attorneys on May 31, 2007. The respondent did not appear.

Applying Kansas Supreme Court Rule 202 concerning reciprocal discipline (2007 Kan. Ct. R. Annot. 257), and based on the documents filed in the Missouri disciplinary proceeding, the hearing

panel concluded that the respondent violated KRPC 1.3 (diligence) (2007 Kan. Ct. R. Annot. 398); KRPC 1.4 (communication) (2007 Kan. Ct. R. Annot. 413); KRPC 8.1(b) (disciplinary matters) (2007 Kan. Ct. R. Annot. 553); and Supreme Court Rule 207(b) (duty to cooperate) (2007 Kan. Ct. R. Annot. 288).

The panel unanimously recommended that the respondent be disbarred from the practice of law in the state of Kansas. The respondent did not file exceptions to the final hearing report.

## THE MISSOURI DISCIPLINARY ACTION

Our Supreme Court Rule 202 provides in pertinent part:

"A final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this state." 2007 Kan. Ct. R. Annot. 258.

Before proceeding further, certain aspects of the particular process resulting in respondent's Missouri disbarment need to be set forth and discussed in conjunction with Rule 202.

The Missouri rules relative to discipline of attorneys are set forth in Missouri Supreme Court Rule 5. Highly summarized as pertinent here, the rules provide for a basic procedure similar to our Kansas procedure. When a complaint is filed, there is an investigation which may result in a formal information being filed against the respondent. See Missouri Supreme Court Rules 5.08, 5.09. The rules require the respondent to file a response to the information. See Missouri Supreme Court Rule 5.13. After a response is filed, a hearing will then be held before a disciplinary hearing panel. At the hearing, evidence is presented and the panel prepares a final hearing report as to the underlying facts, professional misconduct established, and recommended discipline. See Missouri Supreme Court Rules 5.14, 5.15, 5.16. This report is forwarded to the Supreme Court for ultimate resolution. See Missouri Supreme Court Rule 5.19.

In the case before us, an alternative procedural process was followed. Missouri Supreme Court Rule 5.13 provides:

"The information shall be accompanied by a notice that the respondent is to file an answer or other response with the chair of the advisory committee, and serve a copy on the counsel of record for the informant and the chief disciplinary

counsel, within 30 days after the service of the information on the respondent. If an answer or other response is not timely filed, the information shall be filed in this Court as an information with notice of the default.

"The failure to file an answer or other response to the information timely shall be deemed as consent by the respondent for this Court to enter an order disbarring respondent without further hearing or proceeding."

Respondent did not file a timely answer or response. A notice of default under the rule was filed with the court. As the direct result of the filing of the notice of default and a copy of the information, the Missouri Supreme Court entered the following order on June 29, 2004:

### "ORDER

"The Chief Disciplinary Counsel having filed an Information advising this Court of its findings, after investigation, that there is probable cause to believe Respondent, Frank P. Tarantino, is guilty of professional misconduct and having filed with said Information, pursuant to Rule 5.13, a Notice of Default, notifying the Court that Respondent, Frank P. Tarantino, failed to timely file an answer or request for hearing within the time required although Respondent was served pursuant to the provisions of Rule 5.18 and Rule 5.11 and, therefore, pursuant to Rule 5.13, Respondent is in default; and

"It appearing Respondent is guilty of professional misconduct and should be disciplined;

"Now, therefore, it is ordered by the Court that the said Frank P. Tarantino, be, and he is hereby disbarred, that his right and license to practice law in the State of Missouri is canceled and that his name be stricken from the roll of attorneys in this State.

"It is further ordered that the said Frank P. Tarantino, comply in all respects with 5.27 — Notification of Clients and counsel.

"Costs taxed to Respondent."

## DISCUSSION

Notice of respondent's Missouri default disbarment was forwarded to the Kansas Disciplinary Administrator. The Missouri default procedure and resultant order present some procedural problems for a reciprocal disciplinary action in Kansas. The Missouri order only finds "probable cause to believe" the underlying misconduct occurred. The disbarment was based on the "probable cause" statement and failure to file a timely answer. The failure to file an answer kicked in Rule 5.13, wherein respondent was, by such inaction, deemed to have consented to disbarment.

After the Missouri order of disbarment was forwarded to the office of the Kansas Disciplinary Administrator, the matter was referred to Dave Wood, an investigator for that office. After Wood made contact with respondent, Wood received a fax from respondent dated January 3, 2005, which contained the following cover page:

"Dear Mr. Wood:

"Pursuant to your request, please find a copy of my answer to the Information pending in the Supreme Court of Missouri which follows this face-sheet. I am currently taking appropriate steps to set aside the default entered in that case. When you have had a chance to review same, please contact me regarding . . . your determination. I will keep you apprised of Missouri's determination. I have since registered my current address with the Kansas Bar Registry of Attorneys, have paid all dues and updated my continuing legal education requirements. Please let me know if you require further information at this time, thank you for your kind attention."

The pleading attached thereto is captioned "Respondent's Motion to Set Aside Default Judgment." The first line thereof states: "COMES NOW Frank P. Tarantino, and for his Motion to set aside the Default Judgment entered in the above-captioned matter, states as follows." The balance of the document is in the format of a response to the Missouri Information.

No further action was taken by the Kansas Disciplinary Administrator's office until April 11, 2007, when the formal complaint was filed herein. The long delay between November 2005 and April 2007 was apparently the result of the Disciplinary Administrator's office taking respondent at his word that he would be filing a motion to set aside the default judgment. Respondent was thereby granted the opportunity to seek the setting aside of the default disbarment. Obviously, if respondent were to be successful, the ultimate result in the Missouri proceeding could be different. If the Missouri complaint were to be ultimately dismissed, there would be no basis for any Kansas proceeding. However, the respondent took no such action. As stated in the Kansas formal complaint:

"7. . . . However, Respondent never filed the Motion with the Missouri Supreme Court and has taken no further action with regard to the disbarment. . . .

"8. The Respondent by this conduct violated Rule 8.4[d] of the Kansas Rules of Professional Conduct."

Further, respondent's statement in the cover page of the fax that respondent had "paid all dues and updated my continuing legal education requirements" was untrue. Respondent is not in full compliance and remains suspended.

Respondent filed no response to the formal complaint herein, did not appear before the panel's hearing thereon, and did not appear before this court on our scheduled hearing herein. The record reflects all requirements of notification were satisfied. Failure to file a response and failure to appear before this court are in themselves violations of our rules (Supreme Court Rule 211[b] [2007 Kan. Ct. R. Annot. 304]) and Supreme Court Rule 212[d] [2007 Kan. Ct. R. Annot. 317].)

## CONCLUSION

After careful consideration, we conclude the final hearing report's findings of fact and conclusions of law relative to the underlying Missouri claims of misconduct and their Kansas counterparts were inappropriate as such misconduct was not charged in the Kansas formal complaint nor did the Missouri Supreme Court determine that such misconduct occurred. However, it has been established by clear and convincing evidence that respondent was disbarred in Missouri for misconduct in failing to file a timely response to the Missouri information and that, by Missouri Supreme Court Rule 5.13, the effect thereof is consent to disbarment by the Missouri Supreme Court. Accordingly, that order of disbarment is valid and satisfies the grounds for reciprocal discipline set forth in Supreme Court Rule 202, which provides that a final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall conclusively establish the misconduct for purposes of a disciplinary proceeding in Kansas.

Respondent's representation that he would seek to set aside the Missouri default disbarment was untrue, although he has been given ample time to seek such relief. Such misrepresentation is a violation of Supreme Court Rule 8.4(d) (2007 Kan. Ct. R. Annot. 559) as charged in the formal complaint. As previously noted, fail-

ure to file a response to the Kansas formal complaint and to appear before this court constitute additional misconduct. We further conclude the appropriate discipline to be imposed is indefinite suspension with the special condition that no application for reinstatement will be considered unless accompanied by proof that respondent has been reinstated to the practice of law in Missouri.

IT IS THEREFORE ORDERED that Frank P. Tarantino be indefinitely suspended from the practice of law in the state of Kansas, effective the date of this opinion, in accordance with Supreme Court Rule 203(a)(2) (2007 Kan. Ct. R. Annot. 261).

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to the respondent and that this opinion be published in the official Kansas Reports.