No. 101,741

In The Matter of DOUGLAS A. PATTERSON, *Respondent*.

(209 P.3d 692)

Opinion filed June 19, 2009.

*Stanton A. Hazlett*, disciplinary administrator, argued the cause and was on the formal complaint for the petitioner.

No appearance by the respondent.

*Per Curiam*: This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against the respondent, Douglas A. Patterson, of Kansas City, Missouri, an attorney admitted to the practice of law in Missouri in 1999 and in Kansas in 2000. The respondent's license to practice law in the state of Kansas has been administratively suspended since October 6, 2004, for failure to pay the annual attorney registration fee, failure to fulfill the minimum continuing legal education requirements, failure to pay the annual continuing legal education fee, and failure to pay the noncompliance continuing legal education fee.

In 2004, the office of the Chief Disciplinary Counsel in Missouri filed an information against the respondent, charging him with eight counts of violating of the Missouri Rules of Professional Conduct. The alleged violations involved complaints by four of the respondent's clients that he had accepted retainer fees for an agreement to provide each of them legal services, that in each instance he failed to provide the agreed-upon services, and that in each instance he failed to reimburse the client the previously advanced retainer fee. The respondent received proper notice of the Missouri disciplinary action. Nevertheless, the respondent did not file a timely answer to the information, nor did he respond at any time to the disciplinary complaints. The respondent was therefore disbarred by the Missouri Supreme Court pursuant to Missouri Supreme Court Rule 5.13:

"The information shall be accompanied by a notice that the respondent is to file an answer or other response with the chair of the advisory committee, and

serve a copy on the counsel of record for the informant and the chief disciplinary counsel, within 30 days after the service of the information on the respondent. If an answer or other response is not timely filed, the information shall be filed in this Court as an information with notice of the default.

"The failure to file an answer or other response to the information timely shall be deemed as consent by the respondent for this Court to enter an order disbarring respondent without further hearing or proceeding."

The Missouri Supreme Court entered the following disbarment order on March 17, 2005:

### "ORDER

"The Chief Disciplinary Counsel having filed an Information advising this Court that Division 1 of the Region IV Disciplinary Committee had served an information upon Respondent via regular and certified mail alleging, after investigation, that there is probable cause to believe Respondent, Douglas Allen Patterson, is guilty of professional misconduct and having filed with said Information, pursuant to Rule 5.13, a Notice of Default, notifying the Court that Respondent, Douglas Allen Patterson[,] failed to timely file an answer and is in default; and

"It appearing Respondent is guilty of professional misconduct and should be disciplined;

"Now, therefore, it is ordered by the Court that the said Douglas Allen Patterson, be, and he is hereby disbarred, that his right and license to practice law in the State of Missouri is canceled and that his name be stricken from the roll of attorneys in this State.

"It is further ordered that the said Douglas Allen Patterson comply in all respects with 5.27—Notification of Clients and Counsel.

"Costs taxed to Respondent."

On September 12, 2008, the office of the Disciplinary Administrator in Kansas filed a formal complaint against the respondent, alleging that the respondent violated Kansas Rule of Professional Conduct (KRPC) 8.1 (bar admission and disciplinary matters) (2008 Kan. Ct. R. Annot. 579); KRPC 8.3 (reporting professional misconduct) (2008 Kan. Ct. R. Annot. 585); and KRPC 8.4 (misconduct) (2008 Kan. Ct. R. Annot. 586); as well as Supreme Court Rule 207 (duties of the bar) (2008 Kan. Ct. R. Annot. 295), Supreme Court Rule 208 (registration of attorneys) (2008 Kan. Ct. R. Annot. 307), Supreme Court Rule 802 (continuing legal education requirements) (2008 Kan. Ct. R. Annot. 728), and Supreme Court Rule 806 (suspension for failure to comply with continuing legal education requirements) (2008 Kan. Ct. R. Annot. 731). This

complaint arose from the Missouri disciplinary proceedings as a reciprocal action. The respondent—although properly notified under our rules—never responded to the formal complaint.

A hearing was held on the complaint before a panel of the Kansas Board for Discipline of Attorneys on November 5, 2008. The respondent—although properly notified under our rules of this hearing—did not appear.

Applying Kansas Supreme Court Rule 202 concerning reciprocal discipline (2008 Kan. Ct. R. Annot. 262), and based on the documents filed in the Missouri disciplinary proceeding, the hearing panel concluded that the respondent violated KRPC 8.1(b) (duty to respond to a lawful demand for information from a disciplinary authority), KRPC 8.3(a) (duty to self-report disciplinary violations), Supreme Court Rule 207 (duty to cooperate in disciplinary investigations / duty to report violations), and Supreme Court Rule 211 (2008 Kan. Ct. R. Annot. 313) (duty to cooperate with formal hearing panel). The hearing panel found that there was not clear and convincing evidence in the record to establish that the respondent violated KRPC 8.4 (misconduct). The hearing panel also found that the Disciplinary Administrator's allegations that the respondent violated Supreme Court Rule 208 (requiring annual registration fee) and Supreme Court Rules 802 and 806 (annual continuing legal education requirements) were redundant to the respondent's previous administrative suspension by this court.

The panel recommended that the respondent be indefinitely suspended from the practice of law in the state of Kansas. The panel also recommended, following the Disciplinary Administrator's suggestion, that the respondent be required to establish that he has been reinstated in Missouri before he may be reinstated in Kansas.

## DISCUSSION

In disciplinary proceedings, this court "considers the evidence, the findings of the disciplinary panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. [Citation omitted.]" *In re Lober*, 276 Kan. 633, 636, 78 P.3d 442 (2003). Any attorney

misconduct must be established by clear and convincing evidence. 276 Kan. at 636. Clear and convincing evidence is "evidence that causes the factfinder to believe that 'the truth of the facts asserted is highly probable.' " *In re Dennis*, 286 Kan. 708, 725, 188 P.3d 1 (2008) (quoting *In re B.D.-Y.*, 286 Kan. 686, 697, 187 P.3d 594 [2008]).

The respondent filed no response to the formal complaint, did not appear before the panel's hearing thereon, and did not appear before this court during our scheduled hearing on the complaint. The record reflects that all requirements of notification were satisfied. Because the respondent filed no exceptions to the hearing panel's conclusions, these violations are deemed admitted under Supreme Court Rule 212(c) (2008 Kan. Ct. R. Annot. 327). We agree with the hearing panel's conclusions in its final hearing report that the failure to file a response to the Kansas disciplinary complaint and failure to appear before this court are in themselves violations of our rules. See KRPC 8.1(b); KRPC 8.3(a); Supreme Court Rule 207(b); and Supreme Court Rule 211(b).

Furthermore, this court has previously held that a default judgment in a Missouri disciplinary action satisfies the grounds for reciprocal discipline in this state under Rule 202. See *In re Tarantino*, 286 Kan. 254, 256-57, 182 P.3d 1241 (2008); *In re Harris*, 286 Kan. 260, 264-65, 182 P.3d 1249 (2008). In *Tarantino*, we explained:

"[I]t has been established by clear and convincing evidence that respondent was disbarred in Missouri for misconduct in failing to file a timely response to the Missouri information and that, by Missouri Supreme Court Rule 5.13, the effect thereof is consent to disbarment by the Missouri Supreme Court. Accordingly, that order of disbarment is valid and satisfied the grounds for reciprocal discipline set forth in Supreme Court Rule 202, which provides that a final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall conclusively establish the misconduct for purposes of a disciplinary proceeding in Kansas." 286 Kan. at 258.

We note that the hearing panel correctly found that the information and default judgment in Missouri did not constitute clear and convincing evidence of a violation of Supreme Court Rule 8.4. Although the original information filed against the respondent in

Missouri included allegations of several serious ethical violations, the Missouri default procedure does not require proof of these violations by clear and convincing evidence. Instead, the Missouri order concluded that there was "probable cause" to believe these violations had occurred. Probable cause is a lesser standard than that required for disciplinary actions in this state. See *Tarantino*, 286 Kan. at 256-59.

We find that there is clear and convincing evidence in the record that the respondent has been disbarred by way of the Missouri default procedure and that the respondent has failed to cooperate in the disciplinary investigation and proceedings in this state. The Missouri information, standing alone, does not provide clear and convincing evidence of the allegations of misconduct set forth therein.

### CONCLUSION AND DISCIPLINE

There is clear and convincing evidence that the respondent violated KRPC 8.1(b); KRPC 8.3(a); Supreme Court Rule 207(b); and Supreme Court Rule 211(b). In light of the respondent's disbarment in Missouri and his failure to cooperate in the disciplinary process in this state, we conclude that the appropriate discipline is indefinite suspension from the practice of law in Kansas, with the special condition that no application for reinstatement will be considered unless accompanied by proof that the respondent has been reinstated to the practice of law in Missouri.

IT IS THEREFORE ORDERED that Douglas A. Patterson be indefinitely suspended from the practice of law in the state of Kansas, effective the date of this opinion, in accordance with Supreme Court Rule 203(a)(2) (2008 Kan. Ct. R. Annot. 266).

IT IS FURTHER ORDERED that the respondent may not apply for reinstatement in this state unless that application is accompanied by proof that the respondent has been reinstated to the practice of law in Missouri.

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to the respondent and that this opinion be published in the official Kansas Reports.