No. 102,125

In the Matter of PHILLIP KENT WEBER, *Respondent.*

(217 P.3d 959)

Opinion filed October 9, 2009.

*Frank D. Diehl,* deputy disciplinary administrator, argued the cause and *Stanton A. Hazlett,* Disciplinary Administrator, was with him on the formal complaint for the petitioner.

No appearance by the respondent.

*Per Curiam:* This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against the respondent, Phillip Kent Weber, of Overland Park, an attorney admitted to the practice of law in Missouri in 1994 and in Kansas in 1995. The respondent's license to practice law in the state of Kansas has been administratively suspended since October 8, 2008, for failure to pay the annual attorney registration fee, failure to fulfill the minimum continuing legal education requirements, failure to pay the annual continuing legal education fee, and failure to pay the noncompliance continuing legal education fee.

On February 22, 2005, the Missouri Supreme Court entered the following disbarment order:

"The Chief Disciplinary Counsel having filed an information advising this Court of its findings, after investigation that there is probable cause to believe Respondent, Phillip Kent Weber, is guilty of professional misconduct and having filed with said Information, pursuant to Rule 5.13, a Notice of Default, notifying the Court that Respondent, Phillip Kent Weber, failed to timely file an answer within the time required and, therefore, pursuant to Rule 5.13, Respondent is in default; and

"It appearing Respondent is guilty of professional misconduct and should be disciplined;

"Now, therefore, it is ordered by the Court that the said Phillip Kent Weber, be, and he is hereby disbarred, that his right and license to practice law in the State of Missouri is canceled and that his name be stricken from the roll of attorneys in this State."

After learning that the respondent had been disbarred by the Missouri Supreme Court, the Disciplinary Administrator docketed

a complaint against the respondent. On three different dates (August 16, 2006, June 10, 2008, and September 22, 2008), the Disciplinary Administrator wrote to the respondent at the last address provided to the Clerk of the Appellate Courts requesting respondent provide a written response to the docketed complaint; respondent failed to respond to any of the letters. On November 14, 2008, the Disciplinary Administrator forwarded a copy of the formal complaint and notice of hearing to the respondent via certified mail. Again respondent failed to respond. An investigator for the Disciplinary Administrator learned that the respondent's address was a UPS mail box for which respondent had ceased making rental payments. After conducting research on the respondent's employment, the investigator located respondent at his place of employment and personally served him with a copy of the formal complaint and notice of hearing. Thus, the respondent received actual notice of the hearing. The respondent did not file an answer to the formal complaint.

A hearing was held on the complaint before a panel of the Kansas Board for Discipline of Attorneys on January 15, 2009. The respondent did not appear. Upon conclusion of the hearing, in its conclusions of law, the panel noted:

"2.  The Respondent failed to appear at the hearing on the Formal Complaint. It is appropriate to proceed to hearing when a Respondent fails to appear only if proper service was obtained. Kan. Sup. Ct. R. 215 governs service of process in disciplinary proceedings. That rule provides, in pertinent part as follows:

'(a)  Service upon the respondent of the formal complaint in any disciplinary proceeding shall be made by the Disciplinary Administrator, either by personal service or by certified mail to the address shown on the attorney's most recent registration, or at his or her last known office address.

. . . .

'(c)  Service by mailing under subsection (a) or (b) shall be deemed complete upon mailing whether or not the same is actually received.'

In this case, the Disciplinary Administrator complied with Kan. Sup. Ct. R. 215(a) by sending a copy of the Formal Complaint and the Notice of Hearing, *via* certified United States mail, postage prepaid, to the address shown on the Respondent's most recent registration. Later, actual service was obtained when the Disciplinary Investigator hand-delivered the Formal Complaint and Notice of Hearing to the Respondent. The Hearing Panel concludes that the Respondent was afforded the notice that the Kansas Supreme Court Rules require."

Applying Kansas Supreme Court Rule 202 concerning reciprocal discipline (2008 Kan. Ct. R. Annot. 261), and based on the documents filed in the Missouri disciplinary proceeding, the hearing panel concluded that the respondent violated KRPC 8.1(b) (2008 Kan. Ct. R. Annot. 579) (duty to respond to a lawful demand for information from a disciplinary authority), Supreme Court Rule 207 (2008 Kan. Ct. R. Annot. 295) (duty to cooperate in disciplinary investigations/duty to report violations), and Supreme Court Rule 211 (2008 Kan. Ct. R. Annot. 313) (duty to cooperate with formal hearing panel).

In its conclusions of law the hearing panel further found:

"6. Recently, in *In re Tarantino,* [286 Kan. 254,] 182 P.3d 1241 (2008) and *In re Harris,* [286 Kan. 260, 182 P.3d 1249] (2008), the Kansas Supreme Court addressed what treatment disbarment by default from Missouri will receive in Kansas. In those cases, the Court concluded that the Respondents' failures to cooperate in the disciplinary proceedings in Missouri and in Kansas established clear and convincing evidence that discipline should be imposed. Specifically, in *Tarantino,* the Court stated:

'[I]t has been established by clear and convincing evidence that respondent was disbarred in Missouri for misconduct in failing to file a timely response to the Missouri information and that, by Missouri Supreme Court Rule 5.13, the effect thereof is consent to disbarment by the Missouri Supreme Court. Accordingly, that order of disbarment is valid and satisfies the grounds for reciprocal discipline set forth in Supreme Court Rule 202, which provides that a final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall conclusively establish the misconduct for purposes of a disciplinary proceeding in Kansas.' [286 Kan. at 258.]

"7. In *Tarantino, Harris,* and in this case, the Respondents each failed to cooperate or participate in the Missouri disciplinary proceedings and, likewise, failed to cooperate or participate in the Kansas disciplinary proceedings."

The panel recommended that the respondent be disbarred from the practice of law in the State of Kansas.

## DISCUSSION

In disciplinary proceedings, this court "considers the evidence, the findings of the disciplinary panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. [Citation omitted.]" *In re Lober,* 276 Kan. 633, 636, 78 P.3d 442 (2003). Any attorney

misconduct must be established by clear and convincing evidence. 276 Kan. at 636. Clear and convincing evidence is "evidence that causes the factfinder to believe that 'the truth of the facts asserted is highly probable.' " *In re Dennis*, 286 Kan. 708, 725, 188 P.3d 1 (2008) (quoting *In re B.D.-Y.*, 286 Kan. 686, 697, 187 P.3d 594 [2008]).

The respondent filed no response to the formal complaint, did not appear before the panel's hearing thereon, and did not appear before this court during our scheduled hearing on the complaint. The record reflects that all requirements of notification were satisfied. The respondent filed no exceptions to the hearing panel's conclusions; therefore these violations are deemed admitted under Supreme Court Rule 212(c) (2008 Kan. Ct. R. Annot. 327). We agree with the hearing panel's conclusions in its final hearing report that the failure to file a response to the Kansas disciplinary complaint and failure to appear before this court are in themselves violations of our rules. See KRPC 8.1(b); KRPC 8.3(a) (2008 Kan. Ct. R. Annot. 585); Supreme Court Rule 207(b); Supreme Court Rule 211(b).

We note that the hearing panel correctly found that the information and default judgment in Missouri did not constitute clear and convincing evidence of a violation of Supreme Court Rules. Although the original information filed against the respondent in Missouri included allegations of several serious ethical violations, the Missouri default procedure does not require proof of these violations by clear and convincing evidence. Instead, the Missouri order concluded that there was "probable cause" to believe these violations had occurred. Probable cause is a lesser standard than that required for disciplinary actions in this state. See *Tarantino*, 286 Kan. at 256-59.

We find that there is clear and convincing evidence in the record that the respondent has been disbarred by way of the Missouri default procedure and that the respondent has failed to cooperate in the disciplinary investigation and proceedings in this state. The Missouri information, standing alone, does not provide clear and convincing evidence of the allegations of misconduct set forth therein.

## Conclusion and Discipline

There is clear and convincing evidence that the respondent violated KRPC 8.1(b); KRPC 8.3(a); Supreme Court Rule 207(b); and Supreme Court Rule 211(b). In light of the respondent's disbarment in Missouri and his failure to cooperate in the disciplinary process in this state, we conclude that the appropriate discipline is indefinite suspension from the practice of law in Kansas, with the special condition that no application for reinstatement will be considered unless accompanied by proof that the respondent has been reinstated to the practice of law in Missouri.

IT IS THEREFORE ORDERED that Phillip Kent Weber be indefinitely suspended from the practice of law in the state of Kansas, effective the date of this opinion, in accordance with Supreme Court Rule 203(a)(2) (2008 Kan. Ct. R. Annot. 266).

IT IS FURTHER ORDERED that the respondent may not apply for reinstatement in this state unless that application is accompanied by proof that the respondent has been reinstated to the practice of law in Missouri.

IT IS FURTHER ORDERED that the respondent shall comply with Supreme Court Rule 218 (2008 Kan. Ct. R. Annot. 350), and in the event respondent would seek reinstatement, he shall comply with Supreme Court Rule 219 (2008 Kan. Ct. R. Annot. 365).

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to the respondent and that this opinion be published in the official Kansas Reports.