No. 105,567

In the Matter of CESAR ALBERTO BACA, *Respondent.*

(253 P.3d 348)

Opinion filed June 24, 2011.

*Kate F. Baird,* Deputy Disciplinary Administrator, argued the cause, and *Stanton A. Hazlett,* Disciplinary Administrator, was with her on the formal complaint for the petitioner.

*Michael P. Waddell,* of Olathe, argued the cause, and *Cesar Alberto Baca,* respondent, argued the cause pro se.

*Per Curiam:* This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against the respondent, Cesar Alberto Baca, of Aurora, Colorado, an attorney admitted to the practice of law in Kansas in 2008.

On November 4, 2010, the office of the Disciplinary Administrator filed a formal complaint against the respondent alleging violations of the Kansas Rules of Professional Conduct (KRPC). The respondent sent his answer on January 7, 2011. A joint stipulation was entered into on January 10, 2011. A hearing was held on the complaint before a panel of the Kansas Board for Discipline of Attorneys on January 12, 2011, where the respondent was present by telephone and was represented by counsel. The hearing panel determined that respondent violated KRPC 8.4(a) (2010 Kan. Ct. R. Annot. 603) (misconduct); 8.4(b) (commission of a criminal act reflecting adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer); 8.4(g) (engaging in conduct adversely reflecting on lawyer's fitness to practice law); Kansas Supreme Court Rule 208 (2010 Kan. Ct. R. Annot. 320) (registration of attorneys); and Kansas Supreme Court Rule 211(b) (2010 Kan. Ct. R. Annot. 327) (failure to file timely answer in disciplinary proceeding). Upon conclusion of the hearing, the panel made the following findings of fact and conclusions of law, together with its recommendation to this court:

### "FINDINGS OF FACT

. . . .

"2.   The Kansas Supreme Court admitted the Respondent to the practice of law on April 28, 2008. The Respondent failed to comply with the annual requirements to maintain his law license. Specifically, the Respondent failed to pay the annual registration fee and comply with the requirements set forth by the Kansas Continuing Legal Education Commission. Accordingly, on October 18, 2010, the Kansas Supreme Court suspended the Respondent's license to practice law. The Respondent's license remains suspended.

"3.   The Missouri Supreme Court admitted the Respondent to the practice of law on September 12, 2007. On October 26, 2010, the Missouri Supreme Court entered an order disbarring the Respondent.

"4.   Between October 1, 2009, and October 9, 2009, the Respondent, using a computer in his home in Missouri, engaged in communication with a person that he believed to be a 14 year old female residing [in] Colorado *via* an internet chat room. Unbeknownst to the Respondent, the person who purported to be a 14 year old female was a Colorado law enforcement officer. According to the Respondent, he communicated under the user names "machavalia" and "krazeecock." The exhibits also indicate that the Respondent may have also communicated under the user name "honiss11." The Respondent represented himself as a 30 year old, in Colorado.

"5.   While chatting online with the purported minor, the Respondent discussed her school, music, her family, and her friends. During the online chat sessions, specifically on October 1, 2009, and October 4, 2009, the Respondent uploaded and displayed three different photographs of his penis. The photographs were accompanied by instant messages between the Respondent and the purported minor.

"6.   On October 1, 2009, after learning that the person purported to be 14 years old, the Respondent provided the purported minor with his mobile telephone number. From a review of Disciplinary Administrator's Exhibit . . . , it appears that the Respondent and the purported minor exchanged text messages on 14 occasions from October 1, 2009, through October 9, 2009. The Respondent initiated the contact on two of the 14 occasions.

"7.   On October 2, 2009, the purported minor called the Respondent's mobile telephone. The Respondent did not answer. Shortly thereafter, the Respondent returned the call and telephoned the purported minor. Cassandra Harris, an investigator, answered the telephone and portrayed herself as the minor.

"8.   On October 9, 2009, a Colorado law enforcement officer contacted the Respondent regarding the explicit communications. The Respondent learned that the purported minor was a Colorado law enforcement officer. The Respondent admitted being a Missouri resident and lawyer. He admitted posting explicit photographs of his penis on the Internet while engaged in dialogue with the purported minor.

"9.   On October 27, 2009, the authorities in the District Court of Jefferson County, Colorado, charged the Respondent with two counts of Internet sexual exploitation of a child, a level 4 felony. The Respondent voluntarily surrendered to the out-of-state authorities for criminal prosecution.

"10.   On January 25, 2010, the Respondent entered a plea of guilty to an amended complaint, alleging one count of indecent exposure (defined as a misdemeanor in Colorado), a violation of C.R.S. § 18-7-302, alleging that he "exposed his genitals to the view of a child, under circumstances in which the conduct was likely to cause affront or alarm to the victim." The two felony counts were dismissed pursuant to the plea agreement.

"11.   On April 19, 2010, the District Court of Jefferson County, Colorado sentenced the Respondent to four years probation with specific conditions limiting the Respondent's access to computers with Internet access and mobile phones with photograph taking capabilities. The Respondent was also required to register as a sexual offender, misdemeanor offense. Finally, the Respondent was ordered to refrain from contact with children, including his own children. While some of the initial terms and conditions have been modified, the Respondent remains on probation.

"12.   On May 4, 2010, the Respondent self-reported his conduct to the Disciplinary Administrator.

"13.   On November 10, 2010, the Disciplinary Administrator filed the Formal Complaint in the instant case. The Respondent failed to file a timely Answer to the Formal Complaint, in violation of Kan. Sup. Ct. R. 211(b).

"14.   The Hearing Panel held a hearing on the Formal Complaint on January 12, 2011. The Respondent did not appear in person at the hearing. However, during the week prior to the hearing, counsel for the Respondent requested that the Respondent be allowed to appear by telephone. The Hearing Panel granted that request and the Respondent appeared by telephone.

### "CONCLUSIONS OF LAW

"1.   Based upon the findings of fact, the Hearing Panel concludes as a matter of law that the Respondent violated KRPC 8.4, Kan. Sup. Ct. R. 208, and Kan. Sup. Ct. R. 211, as detailed below.

"2.   KRPC 8.4 defines professional misconduct, in pertinent part, as follows:
'It is professional misconduct for a lawyer to:

'(a)   Violate or attempt to violate the rules of professional conduct, knowingly assist or induce another to do so, or do so through the acts of another;

'(b)   commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

. . . .

'(g)   engage in any other conduct that adversely reflects on the lawyer's fitness to practice law.'

In this case, the Respondent engaged in professional misconduct. He engaged in an Internet conversation with an undercover law enforcement officer who he believed to be a 14 year old female. During that conversation, he posted and re-posted three different pictures of his penis and discussed his penis with the purported minor. As a result of his misconduct, the Respondent was convicted by his plea of indecent exposure to a minor, a misdemeanor offense in the State of Colorado. As such, the Hearing Panel concludes that the Respondent violated the Rules of Professional Conduct, that he committed a criminal act that adversely reflects on his fitness as a lawyer, and that he engaged in conduct that adversely reflects on his fitness to practice law. Therefore, the Hearing Panel concludes that the Respondent violated KRPC 8.4(a), KRPC 8.4(b), and KRPC 8.4(g).

"3.   Kan. Sup. Ct. R. 208 provides the annual registration process for Kansas attorneys:

'(a)   All attorneys, including justices and judges, admitted to the practice of law before the Supreme Court of the State of Kansas shall annually, on or before the first day of July, register with the Clerk of the Appellate Courts upon such forms as the Clerk shall prescribe; provided that in the year of an attorney's admission to the bar, the attorney shall register within thirty days after the date of admission. At the time of each registration, each registrant shall pay an annual fee in such amount as the Supreme Court shall order. Attorneys may register as: active; inactive; retired; or disabled due to mental or physical disabilities. Only attorneys registered as active may practice law in Kansas.

. . . .

'(c)   On or before June 1 of each year the Clerk of the Appellate Courts shall mail to each individual attorney then registered in this state, at his or her last known address, a statement of the amount of the registration fee to be paid for the next year. Failure of any attorney to receive a statement from the Clerk shall not excuse the attorney from paying the required fee. Every registrant shall within thirty days after any change of address notify the Clerk of such change.

'(d)   Any attorney who fails to pay the registration fee by August 1 of each year may be suspended from the practice of law in this state as prescribed in subsection (e). It shall be the duty of each member of the judiciary of this state to prohibit any attorney who has been suspended from the practice of law from appearing or practicing in any court, and it shall be the duty of each member of the bar and judiciary to report to the Disciplinary Administrator any attempt by an attorney to practice law after his or her suspension.'

In this case, the Respondent failed to pay the annual registration fee. Additionally, the Respondent failed to comply with the Kansas Continuing Legal Education Commission requirements. Thus, the Hearing Panel concludes that the Respondent violated Kan. Sup. Ct. R. 208.

"4. The Kansas Supreme Court Rules require attorneys to file Answers to Formal Complaints. Kan. Sup. Ct. R. 211(b) provides the requirements:

'The Respondent shall serve an answer upon the Disciplinary Administrator within twenty days after the service of the complaint unless such time is extended by the Disciplinary Administrator or the hearing panel.'

Kan. Sup. Ct. R. 211(b). The Respondent violated Kan. Sup. Ct. R. 211(b) by failing to file a timely written Answer to the Formal Complaint. Accordingly, the Hearing Panel concludes that the Respondent violated Kan. Sup. Ct. R. 211(b).

## "AMERICAN BAR ASSOCIATION
## "STANDARDS FOR IMPOSING LAWYER SANCTIONS

"In making this recommendation for discipline, the Hearing Panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"*Duty Violated.* The Respondent violated his duty to the profession to maintain his professional integrity.

"*Mental State.* The Respondent knowingly and intentionally violated his duty.

"*Injury.* As a result of the Respondent's misconduct, the Respondent caused actual injury to the legal profession.

"*Aggravating or Mitigating Factors.* Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"*A Pattern of Misconduct.* The Respondent engaged in [a] pattern of misconduct by posting, removing, and re-posting inappropriate photographs on the Internet and by allowing the purported minor to view the inappropriate photographs.

"*Multiple Offenses.* The Respondent committed multiple offenses by violating KRPC 8.4, Kan. Sup. Ct. R. 208, and Kan. Sup. Ct. R. 211.

"*Illegal Conduct, Including that Involving the Use of Controlled Substances.* The Respondent was convicted of a misdemeanor by his plea to the amended charge of indecent exposure to a minor. Accordingly, the Hearing Panel concludes that the Respondent engaged in criminal conduct.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following mitigating circumstances present:

"*Absence of a Prior Disciplinary Record.* The Respondent has not previously been disciplined.

"*Personal or Emotional Problems if Such Misfortunes Have Contributed to Violation of the Kansas Rules of Professional Conduct.* The Respondent has suffered

in his past, and continues to suffer, personal problems. Additionally, it appears that the Respondent's personal problems have contributed the Respondent's violation of KRPC 8.4.

"*The Present and Past Attitude of the Attorney as Shown by His or Her Cooperation During the Hearing and His or Her Full and Free Acknowledgment of the Transgressions.* The Respondent cooperated during the hearing. He acknowledged his wrongdoing and admitted two rule violations. Additionally, the Respondent cooperated with the law enforcement agencies by voluntarily surrendering himself to out-of-state authorities.

"*Inexperience in the Practice of Law.* The Missouri Supreme Court admitted the Respondent to the practice of law in 2007. The Kansas Supreme Court admitted the Respondent to the practice of law in 2008. Thus, the Respondent is inexperienced in the practice of law. However, it is worth noting that the Respondent's level of experience in the practice of law is not relevant to his misconduct. The Respondent's misconduct is completely removed from the practice of law.

"*Imposition of Other Penalties or Sanctions.* The Respondent has experienced other sanctions for his conduct. The Respondent was disbarred in Missouri. The Respondent lost his job as a member of the legal department of an insurance company. The District Court of Jefferson County, Colorado, sentenced the Respondent to a four year term of probation. The terms and conditions of the Respondent's probation are restrictive. For a period of months, the Respondent was not allowed to see his own children. The Respondent has not been permitted to attend church since May, 2010. The Respondent expects to lose the home he owns in Missouri through foreclosure of his mortgage.

"*Remorse.* At the hearing on this matter, the Respondent expressed genuine remorse for having engaged in the misconduct.

"In addition to the above-cited factors, the Hearing Panel has thoroughly examined and considered the following Standards:

'5.12 Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice.'

## "RECOMMENDATION

"The Deputy Disciplinary Administrator recommended that the Respondent be indefinitely suspended from the practice of law. The Deputy Disciplinary Administrator argued that a reinstatement hearing is necessary in this case to ensure that the Respondent is fit to return to the practice of law. The Deputy Disciplinary Administrator recommended that, in the event the Respondent's license is later returned to him, that his practice be limited.

"In his Answer, the Respondent recommended that he be censured for the misconduct. At this hearing on this matter, counsel for the Respondent did not make a specific recommendation for discipline. Rather, Mr. Waddell recom-

mended that the Hearing Panel give the Respondent a 'hope' of returning to the practice of law.

"Based upon the findings of fact, conclusions of law, and the Standards listed above, the Hearing Panel unanimously recommends that the Respondent be suspended from the practice of law. The Hearing Panel further recommends that the Court allow the Respondent to apply for reinstatement after he is successfully discharged from all obligations with the authorities in Colorado. Finally, the Hearing Panel recommends that the Respondent appear at a reinstatement hearing, pursuant to Kan. Sup. Ct. R. 219, prior to consideration of a petition for reinstatement."

## DISCUSSION

In a disciplinary proceeding, this court considers the evidence, the findings of the disciplinary panel, and the arguments of the parties. From this record, we determine whether violations of KRPC exist and, if they do, what discipline should be imposed. *In re Lober*, 276 Kan. 633, 636, 78 P.3d 442 (2003). Attorney misconduct must be established by clear and convincing evidence. *In re Patterson*, 289 Kan. 131, 133-34, 209 P.3d 692 (2009); Supreme Court Rule 211(f) (2010 Kan. Ct. R. Annot. 327). Clear and convincing evidence is " 'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable." ' " 289 Kan. at 133-34 (quoting *In re Dennis*, 286 Kan. 708, 725, 188 P.3d 1 [2008]).

Respondent took no exceptions to the hearing panel's report, and we rule that the evidence before the panel established the facts of the respondent's misconduct by clear and convincing evidence. Those facts are sufficient for this court to conclude as a matter of law that the respondent violated KRPC 8.4(a) (2010 Kan. Ct. R. Annot. 603) (misconduct), KRPC 8.4(b) (commission of criminal act reflecting adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer), KRPC 8.4(g) (engaging in any other conduct that adversely reflects on the lawyer's fitness to practice law), Supreme Court Rule 208 (2010 Kan. Ct. R. Annot. 320), and Supreme Court Rule 211(b) (2010 Kan. Ct. R. Annot. 327), and we so hold.

## Conclusion and Discipline

IT IS THEREFORE ORDERED that the respondent, Cesar Alberto Baca, be and he is hereby indefinitely suspended from the practice of law in the state of Kansas, effective the date of filing of this opinion, in accordance with Supreme Court Rule 203(a)(2) (2010 Kan. Ct. R. Annot. 276).

IT IS FURTHER ORDERED that the respondent must undergo a Supreme Court Rule 219 (2010 Kan. Ct. R. Annot. 370) hearing before the court will consider any readmission of the respondent to the practice of law in Kansas. Any application for reinstatement will not be entertained without the respondent's successful completion of his criminal probation in Colorado; and any reinstatement hearing must consider, among other factors: (1) whether respondent is capable of serving in a fiduciary or confidential capacity for a minor, such as in a guardian ad litem position or as counsel in juvenile proceedings; and (2) whether respondent has a past or current obligation to register as a sex offender in any jurisdiction, including whether any applicable registration requirement of another jurisdiction is comparable to that of Kansas.

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to the respondent and that this opinion be published in the official Kansas Reports.