No. 96,886

In the Matter of JOSEPH M. LASKOWSKI, *Respondent.*

147 P.3d 135

Opinion filed December 8, 2006.

*Stanton A. Hazlett,* disciplinary administrator, argued the cause and was on the formal complaint for the petitioner.

*Joseph M. Laskowski,* respondent, argued the cause pro se.

*Per Curiam*: This is an original proceeding in discipline filed by the Disciplinary Administrator's office against Joseph M. Laskowski of Kansas City, Kansas, an attorney admitted to the practice of law in Kansas.

The formal complaint filed against respondent alleges violations of KRPC 8.4 (2005 Kan. Ct. R. Annot. 504) (misconduct). Respondent filed an answer basically admitting the allegations in the complaint.

The complaint filed against respondent grew out of his conviction for felony driving under the influence and subsequent probation. On July 18, 2005, the respondent was temporarily suspended by this court pursuant to Supreme Court Rule 203 (2005 Kan. Ct. R. Annot. 247).

A hearing before the panel of the Kansas Board for Discipline of Attorneys was held on June 6, 2006, in Topeka, Kansas. Respondent appeared in person and Disciplinary Administrator, Stanton A. Hazlett, appeared for petitioner. The panel by clear and convincing evidence made the following findings of fact and conclusions of law:

"2.    On March 21, 2001, the Respondent entered a guilty plea to a charge of driving while intoxicated, in Platte County, Missouri. The Court suspended the imposition of sentence.

"3.    On November 19, 2002, the Respondent entered a guilty plea to a charge of driving while intoxicated, in Miller County, Missouri. The Court suspended the imposition of sentence.

"4.    On August 6, 2003, the Respondent was arrested in Pettis County, Missouri, for driving while intoxicated, class D felony. Because this was the Respondent's third charge of driving while intoxicated, the Respondent was charged

as a 'persistent offender.' On December 15, 2003, the Respondent entered a guilty plea to the felony crime. Thereafter, the Respondent was sentenced to a term of incarceration of three years.

"5. The Court ordered the Respondent to report to the Pettis County, Missouri, jail on March 31, 2004, to serve his sentence. While incarcerated, the Respondent completed a substance abuse program. The Respondent was released from incarceration on July 29, 2004, and placed on probation. A condition of the Respondent's probation was that the Respondent not consume any alcohol.

"6. On August 19, 2004, or August 20, 2004, the Respondent consumed alcohol.

"7. In September, 2004, the Respondent's probation officer, Tammy Taylor filed a probation violation against the Respondent. The allegation that the Respondent violated his probation was based on his consumption of alcohol. On September 8, 2004, the Court issued a warrant for the Respondent's arrest for violating the order of probation by consuming alcohol. On September 20, 2004, the Respondent was arrested on the probation violation warrant. The Respondent posted bond and was released from custody.

"8. On November 1, 2004, the Court heard the probation violation matter. The Respondent admitted violating the terms of probation. The Court agreed to take the matter under advisement for 180 days. The Court also stated that if the Respondent engaged in additional violations, the Court would revoke the Respondent's probation without further hearing.

"9. On December 8, 2004, Ms. Taylor filed another allegation of probation violation against the Respondent. According to the Respondent, Ms. Taylor's allegation that he violated his probation was because he was residing in Kansas when his probation required that he not leave the state of Missouri. Based upon the November 1, 2004, order, the Court issued a warrant for the Respondent's arrest. On December 10, 2004, the Respondent was arrested on the probation violation warrant. The Respondent was remanded to the custody of the Missouri Department of Corrections. The Respondent remained incarcerated until March 15, 2005.

"10. On March 15, 2005, the Missouri Department of Corrections placed the Respondent on parole. The Respondent continues to be on parole. The Respondent's parole is scheduled to end on August 7, 2007.

## "CONCLUSIONS OF LAW

"1. Based upon the Respondent's stipulation to the facts alleged in the Disciplinary Administrator's Formal Complaint and the evidence presented at the hearing, including Disciplinary Administrator's Exhibits 1 through 4, the Hearing Panel concludes that the Respondent engaged in misconduct and violated KRPC 8.4(b) and KRPC 8.4(g).

"2. According to KRPC 8.4(b), '[i]t is professional misconduct for a lawyer to . . . commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.' Repeatedly driving while

intoxicated amounts to a criminal act that reflects adversely on the Respondent in other respects. As such, the Hearing Panel concludes that the Respondent violated KRPC 8.4(b).

"3. Further, '[i]t is professional misconduct for a lawyer to . . . engage in any other conduct that adversely reflects on the lawyer's fitness to practice law.' KRPC 8.4(g). Being convicted of a felony and violating the terms and conditions of probation adversely reflects on the Respondent's fitness to practice law. Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 8.4(g)."

## RECOMMENDATION

"In making this recommendation for discipline, the Hearing Panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"*Duty Violated.* The Respondent violated his duty to the legal profession to maintain his personal integrity.

"*Mental State.* The Respondent intentionally violated his duty.

"*Injury.* As a result of the Respondent's misconduct, the Respondent caused actual or potential injury to the legal profession.

"*Aggravating or Mitigating Factors.* Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"A Pattern of Misconduct. On three separate occasions, the Respondent drove a motor vehicle while he was intoxicated. As a result, the Respondent entered guilty pleas to each of the three charges of driving while intoxicated. Accordingly, the Respondent engaged in a pattern of misconduct.

"Illegal Conduct. The Respondent engaged in illegal conduct by driving while intoxicated on three occasions.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following mitigating circumstances present:

"Absence of a Prior Disciplinary Record. The Respondent has not previously been disciplined in Kansas. Currently, the Respondent's license to practice law in Missouri is suspended for the same conduct giving rise to this case.

"Absence of a Dishonest or Selfish Motive. Dishonesty and selfishness were not motivating factors in this case.

"Personal or Emotional Problems if Such Misfortunes have Contributed to a Violation of the Kansas Rules of Professional Conduct. While the Respondent does not claim to be an alcoholic, he clearly has a problem with alcohol. On

three separate occasions, the Respondent drove after becoming intoxicated. His problem with alcohol directly contributed to the misconduct—the felony conviction.

"The Present and Past Attitude of the Attorney as Shown by the Respondent's Cooperation During the Hearing and the Respondent's Acknowledgment of the Transgressions. The Respondent fully cooperated in the disciplinary process as exhibited by his complete acknowledgment of the misconduct.

"Imposition of Other Penalties or Sanctions. The Respondent has served periods of incarceration and is currently serving a term of parole under the jurisdiction of the Missouri Department of Corrections.

"Remorse. At the hearing on the Formal Complaint, the Respondent expressed genuine remorse for causing disrepute to the legal profession.

"In addition to the above-cited factors, the Hearing Panel has thoroughly examined and considered the following Standards:

"Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice. Standard 5.12."

The hearing panel found significance in the following mitigating facts: (1) Respondent has not previously been disciplined in 20 years of practice; (2) no client was adversely affected due to respondent's misuse of alcohol; (3) respondent engaged in episodic abuse and has taken steps to resolve his problem with alcohol; respondent has successfully completed treatment and has not used alcohol since 2004. Based upon its findings, conclusions, and the ABA Standards, the panel recommends that respondent be suspended until the Missouri Department of Corrections releases the respondent from its jurisdiction. Respondent would be eligible to apply for reinstatement on or after August 8, 2007.

The Disciplinary Administrator recommends that respondent be indefinitely suspended from the practice of law, retroactive to July 18, 2005, the date of his temporary suspension. The respondent did not file exceptions to the final hearing report.

We conclude that the above findings and conclusions by the hearing panel are supported by clear and convincing evidence, and we adopt the findings and conclusions of the hearing panel. However, we cannot accept the recommendation of the panel. Respondent was convicted of a felony offense. Although not a breach of a professional duty to a client, it violated his primary duty to the

court and the bar, and it erodes the public confidence in the judicial system. As we said in *In re Robertson*, 256 Kan. 505, 507-08, 886 P.2d 806 (1994):

"Any violation of the law creates some question about the trust and confidence that the public may reasonably be expected to place in a lawyer. No matter what the violation, some discipline may be required to deter the attorney involved and other members of the bar. Violations of the law in some cases are of such egregious conduct or are so inimical to the integrity of the judicial system that this court must apply the most serious sanction of disbarment."

We do not find respondent's conduct so egregious to merit disbarment, but we are not prepared to adopt the panel's recommendation. We instead adopt the recommendation of the Disciplinary Administrator.

IT IS THEREFORE ORDERED that Joseph M. Laskowski be and he is hereby indefinitely suspended from the practice of law in Kansas, effective from July 18, 2005, the date of respondent's temporary suspension.

IT IS FURTHER ORDERED that respondent comply with the provisions of Supreme Court Rule 218 (2005 Kan. Ct. R. Annot. 315).

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and the costs of this action be assessed to the respondent.

LUCKERT, J. not participating.

LOCKETT, J., Retired assigned.