No. 104,570

In the Matter of JEFFREY M. JOHNS, *Respondent*.
(243 P.3d 1101)

Opinion filed December 23, 2010.

*Stanton A. Hazlett*, Disciplinary Administrator, argued the cause, and *Kimberly L. Knoll*, Deputy Disciplinary Administrator, was with him on the formal complaint for the petitioner.

*Jeffrey M. Johns*, respondent, argued the cause pro se.

*Per Curiam*: This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against the respondent, Jeffrey M. Johns, of Olathe, an attorney admitted to the practice of law in Kansas in 2004.

On April 26, 2010, the office of the Disciplinary Administrator filed a formal complaint against the respondent alleging violations of the Kansas Rules of Professional Conduct (KRPC). The respondent did not file an answer to the formal complaint. The respondent and the office of the Disciplinary Administrator entered into a joint stipulation of facts on June 9, 2010. The respondent filed a proposed probation plan on that same date. A hearing was held on the complaint before a panel of the Kansas Board for Discipline of Attorneys on June 10, 2010, where the respondent was personally present. The hearing panel determined that the respondent violated KRPC 8.4(b) (2010 Kan. Ct. R. Annot. 603) (misconduct). Upon conclusion of the hearing, the panel made the following findings of fact and conclusions of law, together with its recommendation to this court:

"FINDINGS OF FACT

. . . .

"2.    In 1994, the Respondent was arrested for driving under the influence of alcohol. Thereafter, he entered into a diversion agreement for that charge. It appears that the Respondent successfully completed the terms and conditions of diversion.

"3.   In 2007, the Respondent was arrested for driving under the influence of alcohol for a second time. On June 21, 2007, the Respondent was convicted of driving under the influence of alcohol in Jackson County, Missouri. As a result of the Respondent's conviction, the Respondent was placed on probation.

"4.   On May 7, 2008, while on probation in Jackson County, Missouri, a deputy from the Johnson County, Kansas, Sheriff's Department arrested the Respondent for driving under the influence of alcohol, for a third time. Following his arrest, the Respondent submitted to a breath alcohol concentration test. The Respondent's breath alcohol concentration was .123 grams of alcohol per 210 liters of breath.

"5.   Because of the Respondent's previous record, the Johnson County District Attorney's office charged the Respondent with felony driving under the influence of alcohol.

"6.   On November 14, 2008, the Respondent entered a plea of guilty to the charge of felony driving under the influence of alcohol. On January 15, 2009, the Court sentenced the Respondent to serve 14 days in jail and 76 days of house arrest and participate in one year of probation. The Respondent served his sentence and successfully completed the probation.

"7.   In early February, 2009, the Respondent was terminated from his in-house counsel employment with Embarq. At that time, the general counsel at Embarq informed the Respondent that he had sought and obtained counsel from the law firm, Stinson Morrison & Hecker. The general counsel instructed the Respondent that his felony conviction would be reported to the Disciplinary Administrator's office.

"8.   On February 13, 2009, the Respondent self-reported the criminal conviction to the Disciplinary Administrator's office.

"9.   On February 18, 2009, the Respondent entered into a monitoring agreement with the Kansas Lawyers Assistance Program. Since that time, the Respondent has been monitored by David Kirk, a volunteer attorney with the Kansas Lawyers Assistance Program.

"10.   The Respondent has not consumed any alcohol since his third arrest for driving under the influence of alcohol, on May 7, 2008. Beginning May 14, 2008, as a condition of his bond, the Respondent began attending AA meetings. The Respondent continues to attend AA meetings four or five times per week. Additionally, during this time period, the Respondent has also participated in a lawyers support group in Johnson County, Kansas. Finally, the Respondent participated in five or six individual counseling sessions.

## "CONCLUSIONS OF LAW

"1.   Based upon the findings of fact and the written joint stipulation of the parties, the Hearing Panel concludes as a matter of law that the Respondent violated KRPC 8.4(b), as detailed below.

"2.   'It is professional misconduct for a lawyer to . . . commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a

lawyer in other respects.' KRPC 8.4(b). In this case, the Hearing Panel concludes that the Respondent's conviction of felony driving under the influence of alcohol adversely reflects on his fitness as a lawyer in other respects, in violation of KRPC 8.4(b).

## "AMERICAN BAR ASSOCIATION STANDARDS FOR IMPOSING LAWYER SANCTIONS

"In making this recommendation for discipline, the Hearing Panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"*Duty Violated.* The Respondent violated his duty to the public to maintain his personal integrity.

"*Mental State.* The Respondent knowingly violated his duty.

"*Injury.* As a result of the Respondent's misconduct, the Respondent caused actual injury to the public and the legal profession.

"*Aggravating or Mitigating Factors.* Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"*A Pattern of Misconduct.* The Respondent has been arrested three times for driving under the influence of alcohol. The Respondent's conduct amounts to a pattern of misconduct.

"*Illegal Conduct, Including that Involving the Use of Controlled Substances.* The Respondent engaged in illegal conduct—he was arrested, charged with, and convicted of felony driving under the influence of alcohol.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following mitigating circumstances present: [Footnote: The Respondent also argued that his chemical dependency is a mitigating factor. However, a chemical dependency is a mitigating factor only when (1) there is medical evidence that the respondent is affected by a chemical dependency or mental disability; (2) the chemical dependence or mental disability caused the misconduct; (3) the respondent's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and (4) the recovery arrested the misconduct and recurrence of that misconduct is unlikely. In this case, the Respondent failed to establish the four requirements in order for chemical dependency to be a mitigating factor.]

"*Absence of a Prior Disciplinary Record.* The Respondent has not previously been disciplined.

*"Absence of a Dishonest or Selfish Motive.* The Respondent's misconduct was not motivated by dishonesty or selfishness.

*"Personal or Emotional Problems if Such Misfortunes Have Contributed to Violation of the Model Rules of Professional Conduct.* The Respondent is an alcoholic. The Respondent's alcoholism contributed to his misconduct.

*"The Present and Past Attitude of the Attorney as Shown by His or Her Cooperation During the Hearing and His or Her Full and Free Acknowledgment of the Transgressions.* The Respondent fully cooperated in the hearing and admitted his transgressions.

*"Remorse.* The Respondent expressed genuine remorse to having engaged in the misconduct and having brought disrepute to the legal profession.

"In addition to the above-cited factors, the Hearing Panel has thoroughly examined and considered the following Standards:

'5.12 Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice.

'7.2 Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system.'

## "RECOMMENDATION

"The Deputy Disciplinary Administrator recommended that the Respondent be suspended from the practice of law for a [period] of two years. The Deputy Disciplinary Administrator further recommended that the suspension be made retroactive to the date of the Respondent's temporary suspension, August 19, 2009. Finally, the Deputy Disciplinary Administrator recommended that the Respondent be required to undergo a reinstatement hearing pursuant to Kan. Sup. Ct. R. 219. The Respondent requested that he be placed on probation, pursuant to his proposed plan of probation.

"The Hearing Panel concludes that the Respondent failed to comply with Kan. Sup. Ct. R. 211(g)(3). As such, under the rules, the Hearing Panel is not permitted to consider probation in this case. If the Respondent had complied with Kan. Sup. Ct. R. 211(g)(3), the Hearing Panel would not have recommended probation because it is not in the best interests of the legal profession and the citizens of the State of Kansas to place the Respondent on probation. First, the Respondent has been convicted of a felony. Second, the Respondent has not properly addressed any circumstances or triggers that led to his alcoholism. While the Respondent has achieved a significant period of remission, he has not taken sufficient steps to ensure that he will not relapse.

"Twice recently, the Kansas Supreme Court has been called upon to discipline attorneys for convictions of felony driving under the influence of alcohol. *See In re Laskowski,* 282 Kan. 710, 147 P.3d 135 (2006), and *In re O'Neill,* 285 Kan. 474, 172 P.3d 1179 (2007). In *In re Laskowski,* the Respondent presented with nearly identical facts. However, in that case, the Respondent continued to con-

sume alcohol following his arrest. The Court indefinitely suspended Mr. Laskowski's license to practice law.

"In *In re O'Neill*, in addition to his conviction for felony driving under the influence of alcohol, the Respondent also failed [to] disclose a number of arrests and convictions on his Petition for Admission to the Bar of the State of Kansas by Written Examination. In that case, the Court also indefinitely suspended the Respondent's license to practice law.

"Based upon the findings of fact, conclusions of law, the Standards listed above, and because the Respondent has maintained his sobriety for two years, the Hearing Panel unanimously recommends that the Respondent be suspended from the practice of law for two years (rather than indefinite suspension). The Hearing Panel further recommends that the suspension be made retroactive to the date of the temporary suspension, August 19, 2009. Finally, the Hearing Panel recommends that the Court require that the Respondent undergo a reinstatement hearing, pursuant to Kan. Sup. Ct. R. 219, to determine whether the Respondent should be reinstated.

"At the reinstatement hearing, the Hearing Panel recommends that the Respondent be required to present evidence that he has been evaluated by a drug and alcohol treatment provider who is experienced in evaluating professionals and who is approved by KLAP. The Hearing Panel is concerned that, to date, the Respondent has not determined whether there is a cause for his alcoholism, whether there is a particular trigger that he needs to know and avoid, or whether there are any circumstances that the Respondent needs to address to avoid a relapse. The Hearing Panel recommends that the Respondent be required to establish that he has complied with any and all treatment recommendations made by the drug and alcohol treatment provider who conducts the evaluation. Finally, the Hearing Panel recommends that the Respondent be required to establish that he has remained sober throughout the period of suspension.

"Costs are assessed against the Respondent in an amount to be certified by the Office of the Disciplinary Administrator."

On July 23, 2010, the respondent filed a statement that he would file no exceptions to the final hearing report.

## DISCUSSION

In a disciplinary proceeding, this court considers the evidence, the findings of the disciplinary panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. *In re Lober*, 276 Kan. 633, 636, 78 P.3d 442 (2003). Attorney misconduct must be established by clear and convincing evidence. *In re Patterson*, 289 Kan. 131, 133-34, 209 P.3d 692 (2009); Supreme Court Rule 211(f)

(2010 Kan. Ct. R. Annot. 327). Clear and convincing evidence is " 'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable." ' " *In re Patterson*, 289 Kan. at 134 (quoting *In re Dennis*, 286 Kan. 708, 725, 188 P.3d 1 [2008]).

In this case, the evidence before the hearing panel establishes the charged misconduct of the respondent by clear and convincing evidence and supports the hearing panel's findings that the respondent violated KRPC 8.4(b).

*Discipline*

With respect to the discipline to be imposed, the hearing panel's recommendation that the respondent be suspended from the practice of law for a period of 2 years is advisory only and does not prevent the court from imposing discipline other than that recommended by the hearing panel or the Disciplinary Administrator. Supreme Court Rule 212(f) (2010 Kan. Ct. R. Annot. 344).

As we review the findings that support the hearing panel's recommendations, of particular note is the panel's finding that there was no evidence that the respondent was chemically dependent. Nor is there medical evidence that the respondent's behaviors were impacted by chemical dependency. Consequently, we do not consider chemical dependency to be a mitigating factor in this case. There are other mitigating circumstances, however.

As we weigh both the aggravating and mitigating circumstances of this case, we are persuaded that the hearing panel and Disciplinary Administrator's recommendations, although not binding, are appropriate. The respondent has not practiced law since August 19, 2009, and during that time he has maintained sobriety and sought support from attorney and other support groups. These actions, his lack of prior discipline, his remorse, and his cooperation with the Kansas Lawyers Assistance Program and the Disciplinary Administrator distinguish the respondent's circumstances from those in *In re Laskowski*, 282 Kan. 710, 147 P.3d 135 (2006), and *In re O'Neill*, 285 Kan. 474, 172 P.3d 1179 (2007), which were discussed by the hearing panel. In addition, the circumstances of this case are distinguishable from those in our recent decision of

*In re Frahm,* No. 103,535, filed November 19, 2010. In that case, in suspending the respondent for a 3-year period, we noted that the respondent had committed "multiple transgressions," was driving while highly intoxicated, and caused both personal injury and property damage. The respondent then left the scene of an accident. In comparison, while the respondent's actions in this case had the potential of resulting in a similar situation, fortunately his actions were not as extreme.

Based on the findings of fact, conclusions of law, the Standards listed above, and the mitigating circumstances present in this case, the court adopts the recommendations of the hearing panel that a 2-year suspension is appropriate. Because his license to practice law was suspended on August 19, 2009, and in consideration of the action he has taken since that date to maintain sobriety, it is appropriate that the order of suspension be made retroactive to that date.

Nevertheless, as did the hearing panel and the Disciplinary Administrator, we conclude there should be a hearing before the respondent's license to practice law is reinstated. We share the hearing panel's concern that the respondent has not fully addressed the circumstances that led to his repeated abuse of alcohol. At a Supreme Court Rule 219 (2010 Kan. Ct. R. Annot. 370) hearing, it is important that the respondent present an evaluation by a professional with experience in evaluating lawyers and other professionals and that this professional have determined that the respondent has received adequate treatment and rehabilitation. In addition, the respondent is required to establish the other factors delineated in Supreme Court Rule 219(f).

IT IS THEREFORE ORDERED that Jeffrey M. Johns be suspended from the practice of law in the state of Kansas for a period of 2 years to be effective from August 19, 2009, which was the date of his temporary suspension, in accordance with Supreme Court Rule 203(a)(2) (2010 Kan. Ct. R. Annot. 276).

IT IS FURTHER ORDERED that the respondent shall comply with Supreme Court Rule 218 (2010 Kan. Ct. R. Annot. 370), and in the event the respondent would seek reinstatement, he shall com-

ply with Supreme Court Rule 219 and present a professional evaluation.

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to the respondent and that this opinion be published in the official Kansas Reports.

MERLIN G. WHEELER, District Judge, assigned.