IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 120,518

In the Matter of KEVIN T. CURE,
*Respondent*.

ORIGINAL PROCEEDING IN DISCIPLINE

Original proceeding in discipline. Opinion filed May 10, 2019. Eighteen-month suspension.

*Matthew J. Vogelsberg*, Deputy Disciplinary Administrator, argued the cause, and *Stanton A. Hazlett,* Disciplinary Administrator*,* was with him on the formal complaint for the petitioner.

*Stephen B. Angermayer*, of Fern & Angermayer, L.L.C., of Pittsburg, argued the cause, and *Kevin T. Cure*, respondent, argued the cause pro se.

PER CURIAM:  This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against the respondent, Kevin T. Cure, of Joplin, Missouri, an attorney admitted to the practice of law in Kansas in 1991.

On July 31, 2018, the office of the Disciplinary Administrator filed a formal complaint against the respondent alleging violations of the Kansas Rules of Professional Conduct (KRPC). The respondent did not file an answer; he filed a proposed probation plan on September 7, 2018. A joint stipulation signed by respondent and the office of the Disciplinary Administrator was filed September 18, 2018. A hearing was held on the complaint before a panel of the Kansas Board for Discipline of Attorneys on September 21, 2018, where the respondent was personally present and represented by counsel. The hearing panel determined that respondent violated KRPC 8.4(b) (2019 Kan. S. Ct. R. 387) (commission of a criminal act reflecting adversely on the lawyer's honesty,

1

trustworthiness, or fitness as a lawyer); 8.4(d) (misconduct prejudicial to the administration of justice); 8.4(g) (misconduct that adversely reflects on the lawyer's fitness to practice law); and Supreme Court Rule 203(c)(1) (2019 Kan. S. Ct. R. 240) (failure to report felony charge).

Upon conclusion of the hearing, the panel made the following findings of fact and conclusions of law, together with its recommendation to this court:

"*Findings of Fact*

. . . .

"9.     The Missouri Supreme Court admitted the respondent to the practice of law in the State of Missouri in October, 1990. The Kansas Supreme Court admitted the respondent to the practice of law in the State of Kansas in April, 1991.

"10.     In 2014, the respondent was arrested for driving while intoxicated. On September 18, 2014, the respondent entered a plea of guilty, the court suspended the imposition of the sentence, and the court placed the respondent on probation.

"11.     In 2016, the respondent served as the city attorney for Galena, Kansas.

"12.     On March 11, 2016, the respondent was scheduled to appear in municipal court as the municipal prosecutor. The respondent drove to the courthouse while intoxicated. The municipal court judge, a defense attorney, the mayor, and the police chief all witnessed the respondent's demeanor and concluded he was intoxicated.

"13.     After the mayor and the police chief spoke with the respondent, they confirmed that he was impaired. The respondent did not enter the courtroom. Because of the respondent's impairment, he did not appear in court on behalf of the city that day. The mayor drove the respondent back to his home.

2

"14.     The judge and a defense attorney filed disciplinary complaints against respondent for coming to the courthouse intoxicated and for being unable to represent the city in court as scheduled that day.

"15.     On March 29, 2016, the respondent was arrested in Joplin, Missouri, for driving while intoxicated. At the time of his arrest, the respondent remained on probation for the 2014 driving while intoxicated conviction.

"16.     Following the respondent's March 29, 2016, arrest, the respondent resigned as the Galena city attorney.

"17.     On March 30, 2016, with the assistance of KALAP, the respondent entered treatment at Valley Hope.

"18.     In the respondent's written response to the complaints filed by the judge and a defense attorney, the respondent admitted to being intoxicated when he arrived at Municipal Court on March 11, 2016. The respondent also acknowledged his March 29, 2016, arrest for driving while intoxicated.

"19.     On July 27, 2016, the respondent was arrested in Joplin, Missouri, for driving while intoxicated and driving with a revoked or suspended driver's license. Again, the respondent remained under court supervision for the 2014 driving while intoxicated case at the time of this arrest. Additionally, the respondent was on bond for the March, 2016, arrest.

"20.     The respondent was scheduled to appear before Cherokee County District Magistrate Judge Samuel J. Marsh, on behalf of 10 clients on July 28, 2016, for a docket involving juvenile offender and child-in-need-of-care cases. Because the respondent remained incarcerated from his arrest the previous night, the respondent did not appear before Judge Marsh on behalf of his clients.

3

"21.    On August 1, 2016, Judge Marsh forwarded a complaint against the respondent for his failure to appear on behalf of his 10 clients on July 28, 2016. In his letter, Judge Marsh noted that the respondent failed to contact the court to explain the reason for his absence. Judge Marsh, however, was aware of the respondent's July 27, 2016, arrest for driving while intoxicated and assumed that respondent's incarceration was the reason for his failure to appear in court.

"22.    On August 11, 2016, the respondent was convicted of driving while intoxicated based on the March 29, 2016, arrest in Joplin, Missouri. The court sentenced the respondent to 30 days in jail, suspended the execution of the sentence, and placed the respondent on probation. As part of the probation order, the court required the respondent to refrain from violating the law.

"23.    On September 7, 2016, the respondent entered treatment with Bradford Health Services.

"24.    On September 21, 2017, the respondent was arrested for driving while intoxicated in Jasper County, Missouri. Based on respondent's prior history, he was charged as a persistent offender, a class E felony. A persistent offender is defined under Missouri law as a person who has been found guilty of 'two or more intoxication-related offenses committed on separate occasions.' Mo. Rev. State. § 577.001(18)(a). At the time of the respondent's September, 2017, arrest, he was on probation for the conviction stemming from the March, 2016, arrest. Also, the respondent was on bond for the July, 2016, arrest.

"25.    Rule 203(a)(1) requires Kansas attorneys to report felony charges to the disciplinary administrator within 14 days. The respondent failed to report the felony charge within 14 days as required.

"26.    On October 11, 2017, the disciplinary administrator became aware of the respondent's felony charge. On November 7, 2017, the respondent admitted to driving while intoxicated on September 21, 2017.

4

"27.     On February 21, 2018, the respondent was convicted of driving while intoxicated based on the July 27, 2016, arrest. The court sentenced the respondent to 12 months in jail, suspended the execution of the sentence, and placed the respondent on probation. As part of the probation, the court ordered the respondent to successfully complete the court's DWI program.

"28.     On June 26, 2018, respondent was convicted of driving while intoxicated, persistent offender, a class E felony, based on the September 21, 2017, arrest in Jasper County, Missouri. The court sentenced to [*sic*] the respondent to two years in prison, placed respondent on probation for five years, and ordered the respondent to participate in the court's DWI program. The respondent remains on probation for the felony conviction. As of September 13, 2018, the respondent was in compliance with the terms of probation.

"29.     On July 3, 2018, the Missouri Supreme Court issued an order indefinitely suspending the respondent's license to practice law in Missouri. The respondent is not eligible to apply for reinstatement in Missouri for at least six months.

"30.     On July 9, 2018, counsel for the respondent notified the disciplinary administrator of the respondent's felony conviction for driving while intoxicated, persistent offender, a class E felony, in Jasper County[,] Missouri. Based on the respondent's felony conviction, on July 13, 2018, the Kansas Supreme Court issued an order temporarily suspending the respondent's license to practice law in Kansas.

"31.     On July 23, 2018, the respondent obtained a substance abuse evaluation. Subsequently, the respondent entered intensive outpatient treatment at the Ozark Center. As of September 12, 2018, the respondent had completed 29 of the 75 required hours. The respondent has been attending AA meetings.

"32.    On August 29, 2018, the respondent entered into a voluntary monitoring agreement through KALAP. While evidence was presented that the respondent had been working with KALAP earlier, the only monitoring agreement offered into evidence was dated August 29, 2018.

"33.    In preparation of the hearing on the formal complaint, the respondent requested that colleagues write letters to the hearing panel regarding their impressions of the respondent. At the request of the respondent, the letter writers sent their letters directly to the hearing panel.

"*Conclusions of Law*

"34.    Based upon the respondent's stipulation to violating KRPC 8.4 as well as the above findings of fact, the hearing panel concludes as a matter of law that the respondent violated KRPC 8.4(b) (misconduct involving the commission of a criminal act), 8.4(d) (misconduct prejudicial to the administration of justice), 8.4(g) (misconduct that adversely reflects on the lawyer's fitness to practice law) and 203(c)(1) (failure to report felony charge), as detailed below.

"KRPC 8.4(b)

"35.    'It is professional misconduct for a lawyer to . . . commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.' KRPC 8.4(b). The respondent has been convicted of driving while intoxicated in Missouri on four occasions. The respondent's last conviction was classified as a class E felony. The respondent's convictions adversely reflect on the respondent's fitness as a lawyer. Accordingly, the hearing panel concludes that the respondent violated KRPC 8.4(b).

6

"KRPC 8.4(d)

"36.     'It is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice.' KRPC 8.4(d). The respondent engaged in conduct that was prejudicial to the administration of justice when he went to the municipal courthouse on March 11, 2016, while intoxicated and was unable to represent the city at the scheduled hearings. Additionally, the respondent engaged in conduct that was prejudicial to the administration of justice when he failed to appear in court as scheduled on July 28, 2016, in 10 juvenile offender and child-in-need-of-care cases. As such, the hearing panel concludes that the respondent violated KRPC 8.4(d).

"KRPC 8.4(g)

"37.     'It is professional misconduct for a lawyer to . . . engage in any other conduct that adversely reflects on the lawyer's fitness to practice law.' KRPC 8.4(g). The respondent engaged in other conduct that adversely reflects on his fitness to practice when he drove after his license was revoked and when he violated the terms of probation and bond. Thus, the hearing panel concludes that the respondent violated KRPC 8.4(g).

"Rule 203(c)(1)

"38.     Rule 203(c)(1) requires an attorney charged with a felony to notify the disciplinary administrator of the charge within 14 days. On September 21, 2017, the respondent was arrested and charged with a class E felony for driving while intoxicated, persistent offender. The respondent, however, failed to notify the disciplinary administrator of the charge as required by Rule 203(c)(1). Accordingly, the hearing panel concludes that the respondent violated Rule 203(c)(1).

7

"*American Bar Association*

*Standards for Imposing Lawyer Sanctions*

"39.     In making this recommendation for discipline, the hearing panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"40.     *Duty Violated*. The respondent violated his duty to the legal profession to refrain from engaging in conduct that is prejudicial to the administration of justice and his duty to the public to maintain his personal integrity.

"41.     *Mental State*. The respondent knowingly violated his duties.

"42.     *Injury*. As a result of the respondent's misconduct, the respondent caused actual injury to the administration of justice.

"43.     *Aggravating and Mitigating Factors*. Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following aggravating factors present:

      a.     A Pattern of Misconduct. The respondent engaged in a pattern of misconduct by repeatedly driving while intoxicated, violating the terms of probation, and violating the terms of bond.

      b.     Substantial Experience in the Practice of Law. The Missouri Supreme Court admitted the respondent to the practice of law in the State of Missouri in 1990. The Kansas Supreme Court admitted the respondent to practice

8

law in the State of Kansas in 1991. At the time the misconduct began, the respondent had been practicing law for approximately 24 years.

      c.      <u>Illegal Conduct, Including that Involving the Use of Controlled Substances</u>. The respondent engaged in illegal conduct by repeatedly driving while intoxicated. As a result, the respondent has been convicted of driving while intoxicated on four occasions. The respondent's fourth conviction was a felony conviction.

"44.      Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following mitigating circumstances present:

      a.      <u>Absence of a Prior Disciplinary Record</u>. The respondent has not previously been disciplined.

      b.      <u>Absence of a Dishonest or Selfish Motive</u>. The respondent's misconduct does not appear to have been motivated by dishonesty or selfishness.

      c.      <u>Personal or Emotional Problems if Such Misfortunes Have Contributed to Violation of the Kansas Rules of Professional Conduct</u>. The respondent suffers from alcoholism. It is clear that the respondent's alcoholism contributed to the misconduct.

      d.      <u>The Present and Past Attitude of the Attorney as Shown by His or Her Cooperation During the Hearing and His or Her Full and Free Acknowledgment of the Transgressions</u>. The respondent fully cooperated with the disciplinary process. Additionally, the respondent admitted the facts that gave rise to the violations.

e.     Previous Good Character and Reputation in the Community Including Any Letters from Clients, Friends, and Lawyers in Support of the Character and General Reputation of the Attorney. The respondent is an active and productive member of the bar of Southeast Kansas. The respondent also enjoys the respect of his peers and generally possesses a good character and reputation as evidenced by several letters received by the hearing panel.

f.     Imposition of Other Penalties or Sanctions. The respondent has experienced other sanctions for his conduct. The respondent was convicted of the crimes, served time in jail, paid fines, and remains on probation.

g.     Remorse. At the hearing on this matter, the respondent expressed genuine remorse for having engaged in the misconduct.

"45.     In addition to the above-cited factors, the hearing panel has thoroughly examined and considered the following Standards:

'5.12     Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice.

'7.2     Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system.'

"*Recommendation*

"46.     The disciplinary administrator recommended that the respondent's license be indefinitely suspended and that the date of the suspension be made retroactive to the date of the temporary suspension, July 13, 2018. The disciplinary administrator

10

argued that if the hearing panel concluded that a definite suspension was appropriate, then the hearing panel should also recommend that the respondent undergo a reinstatement hearing under Rule 219 prior to reinstatement.

"47.     The respondent recommended that the temporary suspension be lifted and that he be allowed to resume the practice of law, subject to the terms of the proposed plan of probation.

"48.     Based upon the findings of fact, conclusions of law, and the Standards listed above, the hearing panel unanimously recommends that the respondent's license to practice law be suspended for a period of 18 months. The hearing panel further recommends that the date of suspension be made retroactive to the date of the temporary suspension, July 13, 2018. Finally, the hearing panel recommends that the respondent be required to undergo a reinstatement hearing under Rule 219 prior to the consideration of a petition for reinstatement. At the reinstatement hearing, the respondent should be required to present evidence that he successfully completed the court's DWI program and that he has fully complied with all the terms of the KALAP monitoring agreement.

"49.     Costs are assessed against the respondent in an amount to be certified by the Office of the Disciplinary Administrator."

## DISCUSSION

In a disciplinary proceeding, this court considers the evidence, the findings of the disciplinary panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. Attorney misconduct must be established by clear and convincing evidence. *In re Foster*, 292 Kan. 940, 945, 258 P.3d 375 (2011); see Supreme Court Rule 211(f) (2019 Kan. S. Ct. R. 257). Clear and convincing evidence is "'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable."'" *In re Lober*, 288 Kan. 498, 505, 204 P.3d 610 (2009) (quoting *In re Dennis*, 286 Kan. 708, 725, 188 P.3d 1 [2008]).

11

Respondent was given adequate notice of the formal complaint to which he did not file an answer; he entered into a joint stipulation with the office of the Disciplinary Administrator. Respondent was also given adequate notice of the hearing before the panel and the hearing before this court. He filed no exceptions to the hearing panel's final hearing report. With no exceptions before us, the panel's findings of fact are deemed admitted. Supreme Court Rule 212(c), (d) (2019 Kan. S. Ct. R. 261). Furthermore, the facts before the hearing panel establish by clear and convincing evidence the charged misconduct in violation of KRPC 8.4(b) (2019 Kan. S. Ct. R. 387) (commission of a criminal act reflecting adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer); 8.4(d) (misconduct prejudicial to the administration of justice); 8.4(g) (misconduct that adversely reflects on the lawyer's fitness to practice law); and Supreme Court Rule 203(c)(1) (2019 Kan. S. Ct. R. 240) (failure to report felony charge). The evidence also supports the panel's conclusions of law. We therefore adopt the panel's findings and conclusions.

The only remaining issue before us is the appropriate discipline for respondent's violations. The hearing panel recommended that respondent be suspended from the practice of law for a period of 18 months, retroactive to July 13, 2018, the date respondent was temporarily suspended. The hearing panel also recommended that respondent be required to undergo a reinstatement hearing under Rule 219 (2019 Kan. S. Ct. R. 270). At the hearing before this court, at which the respondent appeared, the office of the Disciplinary Administrator recommended that the respondent be indefinitely suspended. The respondent requested a temporary suspension, that the suspension be suspended, and that he be allowed to practice under the terms of his proposed plan of probation.

It is clear to all on the court that respondent has made significant strides to address the ethical lapses in his life that led to the violations. Those violations, however, were

serious in nature. Though every disciplinary case is unique and will turn on its specific facts, we are informed by our prior decisions addressing similar circumstances.

Although a felony DUI conviction is not a breach of professional duty to a client, it violates KRPC 8.4(b) because it is a violation of the attorney's "primary duty to the court and the bar, and it erodes the public confidence in the judicial system." *In re Laskowski*, 282 Kan. 710, 713-14, 147 P.3d 135 (2006). It is expected that the "trust and confidence placed on those that practice law also requires compliance with the law." *In re Frahm*, 291 Kan. 520, 527, 241 P.3d 1010 (2010). And when noncompliance with the law results in a felony DUI conviction, this court has imposed sanctions varying from indefinite suspension to a two-year suspension from practicing law. See, e.g., *Laskowski*, 282 Kan. at 713-14 (suspending attorney from the practice of law indefinitely after receiving a felony DUI); *In re Johns*, 291 Kan. 638, 644, 243 P.3d 1101 (2010) (suspending attorney for two years after receiving a felony DUI conviction).

The varying sanctions imposed by this court result from a careful consideration of mitigating and aggravating facts in each case. This court has imposed less serious sanctions where the respondent has shown accountability by self-reporting their criminal conviction to the office of the Disciplinary Administrator, entering into a monitoring agreement with the Kansas Lawyers Assistance Program, and attending AA meetings. *Johns*, 291 Kan. at 639. And when respondents fail to show this accountability, this court has imposed more severe sanctions. See, e.g., *Frahm*, 291 Kan. at 521, 531 (suspending attorney for three years after conviction of felony DUI and two counts of aggravated battery where respondent left the scene of an accident to avoid prosecution); *In re O'Neill*, 285 Kan. 474, 483-84, 172 P.3d 1179 (2007) (suspending attorney indefinitely for felony DUI conviction and attorney's failure to disclose five arrests in attorney's application for admission to the Kansas bar); *Laskowski*, 282 Kan. at 711, 714 (suspending attorney from the practice of law indefinitely after receiving a felony DUI

13

when the evidence showed respondent continued to consume alcohol following his arrest).

In consideration of all the facts and circumstances, we adopt the recommendation of the panel. See *In re Holmes*, 307 Kan. 871, 901, 416 P.3d 143 (2018) (giving deference to the panel that heard the evidence before it when the severity of the sanction depended on the facts and circumstances of the case). A minority of the court would impose a lesser discipline.

CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that Kevin T. Cure be and he is hereby disciplined by a term of 18 months suspension beginning on the date of his temporary suspension, July 13, 2018. Before reinstatement following his suspension, respondent must undergo a Rule 219 hearing. See Supreme Court Rule 219(a)(3) (2019 Kan. S. Ct. R. 270).

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to the respondent and that this opinion be published in the official Kansas Reports.

LUCKERT, J., and BEIER, J., not participating.
MICHAEL J. MALONE, Senior Judge, assigned.[1]
KATHLEEN SLOAN, District Judge, assigned.[2]

---

[1]**REPORTER'S NOTE:** Senior Judge Malone was appointed to hear case No. 120,518 vice Justice Luckert under the authority vested in the Supreme Court by K.S.A. 20-2616.

[2]**REPORTER'S NOTE:** District Judge Sloan was appointed to hear case No. 120,518 vice Justice Beier under the authority vested in the Supreme Court by art. 3, § 6(f) of the Kansas Constitution