IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 126,479

In the Matter of LEON J. DAVIS JR.,
*Respondent*.

ORIGINAL PROCEEDING IN DISCIPLINE

Original proceeding in discipline. Oral arguments held November 2, 2023. Opinion filed March 1, 2024. Two-year suspension stayed after six months, conditioned on successful participation and completion of two-year probation period.

*Kathleen J. Selzler Lippert*, Deputy Disciplinary Administrator, argued the cause, and *Gayle B. Larkin*, Disciplinary Administrator, was with her on the formal complaint for the petitioner.

*N. Trey Pettlon, III*, of Law Offices of Pettlon & Ginie, of Olathe, argued the cause, and *Leon J. Davis Jr.*, respondent, argued the cause pro se.

PER CURIAM:  This is an attorney discipline proceeding against Leon J. Davis Jr., of Kansas City, Missouri. Davis was admitted to practice law in Kansas on April 26, 2013.

On February 9, 2023, the Disciplinary Administrator's office filed a formal complaint against Davis alleging violations of the Kansas Rules of Professional Conduct (KRPC). This complaint stemmed from Davis' failure to report a felony DUI charge to the Disciplinary Administrator's office.

On December 5, 2022, the Kansas Supreme Court issued an order of temporary suspension pursuant to Kansas Supreme Court Rule 219(g)(1) (2023 Kan. S. Ct. R. at 274).

1

On April 24, 2023, the parties entered into a summary submission agreement under Supreme Court Rule 223(b) (2023 Kan. S. Ct. R. at 278) (summary submission is "[a]n agreement between the disciplinary administrator and the respondent," which includes "a statement by the parties that no exceptions to the findings of fact or conclusions of law will be taken").

In the summary submission agreement, the Disciplinary Administrator and Davis stipulate and agree that Davis violated the following Kansas Rules of Professional Conduct and Supreme Court Rules:

- KRPC 207(c) (2020 Kan. S. Ct. R. at 246) (duties of the bar and judiciary);
- KRPC 203(c)(1) (2020 Kan. S. Ct. R. at 234) (duty to report felony charge);
- KRPC 8.3(a) (2023 Kan. S. Ct. R. at 432) (reporting professional misconduct); and
- KRPC 8.4(b) (2023 Kan. S. Ct. R. at 433) (misconduct).

Before us, the parties jointly recommend Davis' temporary suspension imposed based on his felony conviction be lifted, and his license to practice law be suspended for two years, with the suspension stayed pending successful participation and completion of a two-year probation period and compliance with the terms set forth in his submitted probation plan, which would begin upon the filing date of this opinion.

FACTUAL AND PROCEDURAL BACKGROUND

We quote the relevant portions of the parties' summary submission below.

"*Findings of Fact*:  The petitioner and the respondent stipulate and agree the respondent engaged in the following misconduct as follows:

2

. . . .

"16.    Supreme Court Rule 207(c) (2020 Kan. S. Ct. R. at 246) (duties of the bar and judiciary) which provides:

'It shall be the further duty of each member of the bar of this state to report to the Disciplinary Administrator any action, inaction, or conduct which in his or her opinion constitutes misconduct of an attorney under these rules.'

"a.    The respondent was arrested in December 2019 for DUI. The respondent was charged with a felony DUI in January 2020.

"b.    The respondent failed to report his conduct which resulted in a felony criminal charge to the disciplinary[] administrator's office. The respondent's failure to report his conduct violated Rule 207(c).

"17.    Supreme Court Rule 203(c)(1) (2020 Kan. S. Ct. R. at 234) (duty to report felony charge) which provides:

"Duty of attorney to report. An attorney who has been charged with a felony crime (as hereinafter defined) or a crime that upon conviction mandates registration by the attorney as an 'offender' as defined by K.S.A. 22-4902(a), or with an equivalent offense in any federal court of the United States or the District of Columbia or in any other state, territory, commonwealth, or possession of the United States shall within 14 days inform the Disciplinary Administrator in writing of the charge. The attorney shall inform the Disciplinary Administrator of the disposition of the matter within 14 days of disposition. Notice of appeal does not stay the reporting required under this rule.

"a.    The respondent was arrested in December 2019 for DUI. The respondent was charged with a felony DUI in January 2020.

"b.      In July 2021, approximately a year and a half later, a prosecutor reported the respondent's felony charge to the disciplinary administrator's office.

"c.      The respondent failed to report his felony criminal charge to the disciplinary[] administrator's office within 14 days as required by S. Ct. R. 203(c)(1).

"18.    KRPC 8.3(a) (2023 Kan. S. Ct. R. at 432) (reporting professional misconduct) which provides:

'A lawyer having knowledge of any action, inaction, or conduct which in his or her opinion constitutes misconduct of an attorney under these rules shall inform the appropriate professional authority.'

"a.      The respondent was arrested in December 2019 for DUI. The respondent was charged with a felony DUI in January 2020.

"b.      The respondent failed to report his conduct which resulted in a felony criminal charge to the disciplinary[] administrator's office.

"c.      The disciplinary administrator's office only learned of the respondent's felony charges after it was reported by a third party approximately a year and a half later. The respondent's failure to report his conduct violates Rule 8.3(a).

"19.    KRPC 8.4(b), (2023 Kan. S. Ct. R. at 433) (misconduct) which provides 'It is professional misconduct for a lawyer to:

'(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;'

"a.      The respondent had two prior convictions for DUI. He was arrested a third time for driving under the influence which resulted in felony DUI charges.

4

"b.      He committed a criminal act, felony DUI, that reflects adversely on his fitness as a lawyer in violation of Rule 8.4(b).

"Applicable Aggravating and Mitigating Circumstances:

"20.      Aggravating Circumstances. Factors that may be considered in aggravation by the hearing panel include:

"a.      Multiple offenses:  The respondent violated 2020 Supreme Court Rule 207(c), 2020 Supreme Court Rule 203(c)(1), KRPC 8.3(a), and KRPC 8.4(b).

"b.      Illegal conduct, including that involving the use of controlled substances:  The respondent operated a motor vehicle while under the influence of alcohol which is illegal conduct. It was a felony because he had two prior convictions for driving under the influence.

"21.      Mitigating Circumstances. Factors that may be considered in mitigation by the hearing panel include:

"a.      Absence of a prior disciplinary record:  The respondent does not have any prior disciplinary record.

"b.      Personal or emotional problems if such misfortunes have contributed to a violation of the Kansas Rules of Professional Conduct: professionals have agreed that Respondent's alcoholism is rooted in tragedy in his life beginning with the untimely death of his father when he was seven years old, and then with the unrelated deaths of two of his closest friends, in 2016 and 2017 including his best friend from law school. One friend struggled with alcoholism and took his own life. The other died from a drug overdose. Respondent was not quick to identify the impact this grief was having on him and began drinking heavily. He did not pursue counseling until he became sober and the relationship between his grief and his alcoholism became apparent.

5

"c.      The present and past attitude of the attorney as shown by his or her cooperation during the hearing and his or her full and free acknowledgment of the transgressions:  The respondent did provide a written response to the investigation and admitted that his conduct reflects adversely on the profession and violates the Kansas Rules of Professional Conduct. The respondent entered a plea to the criminal charges. The respondent acknowledged his misconduct in his answer to the formal disciplinary complaint. The respondent has taken steps to address the conditions contributing to his misconduct.

"d.      Previous good character and reputation in the community including any letters from clients, friends, and lawyers in support of the character and general reputation of the attorney:  Respondent submitted ten letters attesting to his good character.

"e.      Mental disability or chemical dependency including alcoholism or drug abuse when:  (1) there is medical evidence that the respondent is affected by a chemical dependency or mental disability; (2) the chemical dependence or mental disability caused the misconduct; (3) the respondent's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and (4) the recovery arrested the misconduct and recurrence of that misconduct is unlikely. Respondent's substance abuse evaluation categorizes his substance abuse disorder as severe. And his reports reflect complete abstinence from alcohol use since his supervision by the criminal court began January 15, 2020.

"f.      Imposition of other penalties or sanctions:  Respondent was sentenced to serve 48 hours in jail followed by house arrest for 2,160 hours followed thereafter by 12 months of post-imprisonment supervision in addition to a fine of $1,750.00.

"g.      Remorse:  Respondent has established his genuine remorse to his AA group, reflected in the report from Michael Belancio, and in open court with an open apology in his criminal case during his sentencing hearing. At the time of his arrest, he had hit 'rock bottom,' and his commitment to changing his life

6

through sobriety, AA, fitness, and counseling for over three years since the incident further establishes his remorse.

"Recommended Discipline:

"22.    The respondent's license to practice law in Kansas was suspended on December 5, 2022, pursuant to the Kansas Supreme Court Order of Temporary Suspension as authorized by Rule 219(g)(1). (2023 Kan. S. Ct. R. at 273). Parties recommend:

"a.    The temporary suspension imposed based on his felony conviction be lifted.

"b.    The respondent shall be suspended for two years; however, the two-year suspension will be stayed and the respondent to be placed on a 24-month probation.

"c.    The respondent will comply with the terms of probation as set forth in his 'Final Probation Plan.'

"23.    The respondent must comply with Supreme Court Rule 227 related to probation.

"24.    The respondent must comply with Supreme Court Rule 228 related to procedure before the Supreme Court.

"Other Stipulations:

"25.    The respondent waives his right to a hearing on the formal complaint as provided in Supreme Court Rule 222(c).

"26.    The petitioner and the respondent agree that no exceptions to the findings of [f]act and conclusions of law will be taken.

7

"27.     The complainant in this matter will be given notice of the Summary Submission and they will be given 21 days to provide the disciplinary administrator their position regarding the agreement as provided in Supreme Court Rule 223(d).

"28.     The respondent understands and agrees that pursuant to Supreme Court Rule 223(f), this Summary Submission agreement is advisory only and does not prevent the Supreme Court from making its own conclusions regarding rule violations or imposing discipline greater or lesser than the parties' recommendations.

"29.     The respondent also understands and agrees that after entering into this Summary Submission Agreement he will be required to appear before the Kansas Supreme Court for oral argument under Supreme Court Rule 228(i).

"30.     The petitioner and the respondent agree that the exchange and execution of copies of this agreement by electronic transmission shall constitute effective execution and delivery of the agreement and that copies may be used in lieu of the original and the signatures shall be deemed to be original signatures.

"31.     A copy of the Summary Submission will be provided to the Board Chair as required by Supreme Court Rule 223(e)."

## DISCUSSION

In a disciplinary proceeding, this court considers the evidence, the disciplinary panel's findings, and the parties' arguments to determine whether KRPC violations exist and, if they do, the appropriate discipline to impose. Attorney misconduct must be established by clear and convincing evidence. *In re Foster*, 292 Kan. 940, 945, 258 P.3d 375 (2011); see also Supreme Court Rule 226(a)(1)(A) (2023 Kan. S. Ct. R. at 281) (a misconduct finding must be established by clear and convincing evidence). "Clear and convincing evidence is 'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable."'" *In re Lober*, 288 Kan. 498, 505, 204 P.3d 610 (2009).

8

The Disciplinary Administrator provided Davis with adequate notice of the formal complaint. The Disciplinary Administrator also provided adequate notice of the hearing before the panel. The hearing on the formal complaint was cancelled after the parties agreed to enter into the Summary Submission Agreement. Under Rule 223(b), a summary submission agreement

"must be in writing and contain the following:

"(1) an admission that the respondent engaged in the misconduct;

"(2) a stipulation as to the following:

(A) the contents of the record;

(B) the findings of fact;

(C) the conclusions of law, including each violation of the Kansas Rules of Professional Conduct, the Rules Relating to Discipline of Attorneys, or the attorney's oath of office; and

(D) any applicable aggravating and mitigating factors;

"(3) a recommendation for discipline;

"(4) a waiver of the hearing on the formal complaint; and

"(5) a statement by the parties that no exceptions to the findings of fact or conclusions of law will be taken." Rule 223(b) (2023 Kan. S. Ct. R. at 278).

The chair of the Kansas Board for Discipline of Attorneys ultimately approved the summary submission. Thus, the factual findings in the summary submission are deemed

9

admitted. See Supreme Court Rule 228(g)(1) (2023 Kan. S. Ct. R. at 288) ("If the respondent files a statement . . . that the respondent will not file an exception . . . , the findings of fact and conclusions of law in the final hearing report will be deemed admitted by the respondent.").

The summary submission and the parties' stipulations before us establish by clear and convincing evidence the charged conduct violated KRPC 8.3(a) (2023 Kan. S. Ct. R. at 432) and 8.4(b) (2023 Kan. S. Ct. R. at 433). Additionally, respondent's conduct establishes violations of Supreme Court Rules 207(c) (2020 Kan. S. Ct. R. at 246) and 203(c)(1) (2020 Kan. S. Ct. R. at 234). We adopt the findings and conclusions set forth by the parties in the summary submission.

The remaining issue is deciding the appropriate discipline. The parties jointly recommend Davis' license to practice law be suspended for two years, with the suspension stayed pending successful participation and completion of a two-year probation period and compliance with the terms set forth in his submitted probation plan. An agreement to proceed by summary submission is advisory only and does not prevent us from imposing discipline greater or lesser than the parties' recommendation. Rule 223(f) (2023 Kan. S. Ct. R. at 279). After full consideration, we modify the joint recommendation.

At the hearing before this court, the Deputy Disciplinary Administrator, respondent, and his counsel reported on the "miraculous" turnaround respondent has made since his arrest in December of 2019. We acknowledge the commendable strides he has made in his life, including becoming vice president of his A.A. chapter, successful monitoring since January 2020, coupled with the completion of three marathons and six half marathons. Long may you run Mr. Davis.

However, we also noted the severity of the crime underlying the complaint. "Although a felony DUI conviction is not a breach of professional duty to a client, it violates KRPC 8.4(b) because it is a violation of the attorney's 'primary duty to the court and the bar, and it erodes the public confidence in the judicial system.'" *In re Cure*, 309 Kan. 877, 884, 440 P.3d 563 (2019). "It is expected that the 'trust and confidence placed on those that practice law also requires compliance with the law.'"  309 Kan. at 884. The varying sanctions imposed by this court stemming from felony DUI convictions are as a result of careful consideration of mitigating and aggravating circumstances presented in each case. In consideration of those factors present here, we stay the jointly recommended two-year suspension after six months of suspension. The remaining recommendations are adopted.

CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that the temporary suspension previously imposed based on the respondent's felony conviction be lifted and Leon J. Davis Jr. is hereby disciplined by a two-year suspension in accordance with Supreme Court Rule 225(a)(3) (2023 Kan. S. Ct. R. at 281). The two-year suspension is stayed after six months, conditioned on successful participation and completion of a two-year probation period. Probation will be subject to the terms set out in the plan of probation referenced in the parties' Summary Submission Agreement. No reinstatement hearing is required upon successful completion of probation.

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to Davis and that this opinion be published in the official Kansas Reports.

11